Nov. Term,
1859.

FRANTZ and Others *v.* HARROW.

FRANTZ
v.
HARROW.

*Strong* v. *Clem*, 12 Ind. R. 37, approved.

Where land was sold at sheriff's sale in 1844, though irregularly, it was *held* that an action to recover it from the purchaser, by the execution-defendant, or any one claiming under him, was barred in ten years; and that, by the R. S. 1852, inchoate dower in such land was abolished.

APPEAL from the *Montgomery* Circuit Court.

*Monday,
December* 19.

WORDEN, J.—Complaint by the appellee against the appellants for the assignment of dower in certain lands, with a count claiming one-third of the land in fee.

On the trial, it was adjudged that the plaintiff was entitled to be endowed of the lands, and her dower was ordered to be set off to her.

Motions for a new trial were made by both parties, and overruled, and exceptions taken.

It appears that the husband of the plaintiff died in *September*, 1853, but the lands in controversy were sold upon executions against him in 1844, and are in possession of the defendants claiming title under such sale.

The case of *Strong* v. *Clem*, 12 Ind. R. 37, decides that, in such case, the widow is not entitled to dower, nor to one-third in fee of the land. We have been strongly pressed to reconsider the case; but it was decided upon mature deliberation, and we find no substantial basis on which to rest a contrary conclusion; hence, that case will be adhered to.

Another point, however, is made by the appellee, which is that the title to the land was in her husband at the time of his death, and that, consequently, she is entitled to one-third in fee; and she asks that the judgment be reversed on a cross error assigned by her.

The ground taken is, that the lands were not sold in accordance with the proper appraisement laws, and that, therefore, no title passed to the purchasers. The lands were sold on several executions, some of which were not subject to appraisement; some were to be governed by the law of 1841, and some by the law of 1842. The land

was sold in accordance with the law of 1841, for one-half of its appraised value.

We have not examined the sales with the care which they otherwise would have required, for the reason that we think it too late to take advantage of the defect, if any existed. These sales were made in 1844, and this suit was not commenced until *August*, 1855.

By § 13, R. S. 1843, p. 456, it is provided that "No action for the recovery of any real estate, sold as prescribed in the preceding sections of this article, shall be brought by the debtor, or his heirs, or by any person claiming under him, by virtue of any title, right, or interest acquired from or through the debtor, after the rendition of the judgment or decree under which such sale was made, unless such action shall be brought within ten years after such sale."

The same provision is, in substance, reënacted in the code of 1852. 2 R. S. p. 75, § 211. *Vide Vancleve* v. *Milliken*, at the present term (1). The widow, if she be entitled to one-third of the land in fee, would seem to take it as heir to her husband. The law entitling her to it, declares that it shall descend to her. 1 R. S. p. 250, § 17. At any rate, she claims under her husband, and is within the limitation above enacted.

Section 217 of the limitation law of 1852 provides that, "If any person entitled to bring, or liable to, any action, shall die before the expiration of the time limited for the action, the cause of action shall survive to or against his representatives, and may be brought, at any time, after the expiration of the time limited, within eighteen months after the death of such person."

This section, however, does not entitle the plaintiff to recover. The suit was not brought within eighteen months after the death of the husband. He died in *September*, 1853. The suit was commenced in *August*, 1855. Under this statute, as the ten years had not expired when the husband died, his wife would have had eighteen months within which to bring the suit, although that should overrun the ten years. But the ten years having expired, and

also the eighteen months after the husband's death, before <span style="float:right">Nov. Term,<br>1859.</span>
the suit was brought, the action is barred.

We are of opinion that the case made does not entitle <span style="float:right">THE INDIAN-<br>APOLIS, &c.,<br>RAILRO'D Co.</span>
the plaintiff to recover one-third of the land in fee, and,
as she has no dower in the premises, the judgment will <span style="float:right">v.<br>WHARTON.</span>
have to be reversed.

*Per Curiam.*— The judgment is reversed with costs.
Cause remanded, &c.

S. C. *Wilson* and J. E. *McDonald*, for the appellants.

S. B. *Gookins*, for the appellee.

(1) *Ante*, 105.