JOHNSON
v.
LYBROOK.

APPEAL from the *Jennings* Common Pleas.

Monday,
June 17.

---

## JOHNSON and Others *v.* LYBROOK and Others.

In the year 1857, *A.* died intestate, seized of certain real estate, and leaving him surviving, *B.*, his widow, and *C.* and *D.*, his children, by his said wife. In the year 1859, *C.* died intestate, and without issue ; and afterward, in the same year, *B.*, the widow, died intestate ; and afterward, in the same year, *D.* died intestate, and without issue, immediate or remote, and leaving no brothers or sisters, and no grand parents on either the paternal or maternal side, but leaving uncles and aunts on both the paternal and maternal sides.

*Held*, that it appears to have been the intention of the framers of our statute of descents, where a decedent leaves no heirs in the descending line capable of inheriting, and the property has to be distributed to collaterals in the ascending line, that those who are of the blood of the first purchaser shall be preferred, in the instances named in the statute.

*Held*, also, that before the adoption of our present statute of descents, (1 R. S., p. 248,) the widow's interest was but a life estate, and in tracing the ascending line, the inheritance would have fallen upon the paternal kindred first ; and the law has not been so changed as to divert the property from the same line, in the instance here involved ; and hence, the maternal uncles and aunts took no interest in the land.

APPEAL from the *Henry* Circuit Court.

Monday,
June 17.

HANNA, J.—The appellees sought, and obtained, the partition of certain real estate. A demurrer was filed to the complaint, and overruled, which presents the only point.

The facts shown are: that *William Freeman* died in said county, in 1857, seized of said lands, and leaving, surviving him, "*Ann Freeman*, his widow, and heir, and *Julia Freeman* and *Susan Freeman*, his children, by his said wife;" that in 1859 *Julia* died intestate, and without issue; and that afterward, in the same year, *Ann* the said widow, died intestate; and that afterward, in the same year, *Susan* died intestate and without issue, immediate or remote, and leaving no brothers or sisters, nor grand parents on either the paternal or maternal side; but leaving uncles and aunts on both the paternal and maternal side.

This is a contest between those collateral relations, the decision of which rests upon the construction to be placed upon the first and second clauses of § 5 of the act regulating descents. 1 R. S., p. 248. So far as applicable to this question, that statute is as follows: "If the inheritance came to the intestate by gift, devise, or descent, from the paternal line, it shall go to the paternal grandfather and grandmother, as joint tenants, and to the survivor of them; if neither of them be living, it shall go to the uncles and aunts in the paternal line, and their descendants, if any of them be dead, and if no such relatives be living, it shall go to the next of kin, &c. among the paternal kindred; and if there be none of the paternal kindred entitled to take the inheritance, as above prescribed, it shall go to the maternal kindred in the same order." Second: "If the inheritance came to the intestate by gift, devise or descent from the maternal line, it shall go to the maternal kindred in the same order," &c.

The brothers and sisters of "*Ann*" claimed, and caused to be set apart, a portion of said lands. Were they entitled thereto, and if so, to how much?

It appears to have been the intention of the framers of our statute of descents, that when a decedent leaves no heirs in the descending line capable of inheriting, and the property has to be distributed to collaterals in the ascending line, those who are of the blood of the first purchaser shall be preferred, in the instances named in such statute. It is important, then, to determine in what character, and by what right, *Ann*, the widow, was entitled to a part of said lands. By the 17th and

'24th sections of said statute, the portion that she is so entitled to, is spoken of as that which descends to her from her husband. Incidentally, it has been by this Court recognized as the proper construction of the statute in question, (13 Ind. 508,) that she takes as heir. If she received, then, by descent, and not because of any marital rights which might be supposed to exist, separate from such right of descent, the title could be traced back through her to the paternal line of the immediate decedent.

Before the adoption of this statute, the widow's interest would have been but a life estate, and, as a matter of course, in tracing the ascending line, the inheritance would have fallen upon the paternal kindred first. We do not believe that the law has been so far changed as to divert the property from the same line, in the instance here involved; and, consequently, the maternal uncles and aunts had not, by their own showing, any interest to be set off, and the demurrer should have been sustained.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*L. M. Bundy*, for the appellants.

*J. H. Mellett* and *E. B. Martindale*, for the appellees.