## THOMAS *v.* THOMAS.

If the owner of real estate, not worth over one thousand dollars, dies intestate, and without issue, or their descendants, but leaving a widow, under the seventh and twenty-fifth sections of the law regulating descents, such widow shall be entitled to the whole, as against the surviving father of the intestate, although the real estate came to the intestate by conveyance from his father in consideration of love and affection.

APPEAL from the *Grant* Circuit Court.

PERKINS, J.—*Daniel Thomas* filed his complaint in the *Grant* Circuit Court against *Matilda Thomas,* alleging that on, &c., at, &c., in consideration of love and affection, he conveyed to his son, *Joseph Thomas,* a certain tract of land containing 40 acres, which is particularly described in the complaint;—that afterwards his son, *Joseph,* married the defendant, *Matilda,*—that after said marriage he departed this life intestate, leaving no children, nor their descendants, but leaving his widow, *Matilda,* surviving. There is no allegation as to the value of the property left by the deceased.

The plaintiff prayed that he might be adjudged to be the owner of the land by reversion. He averred that the widow claimed the same as her husband's heir. The defendant answered that the entire estate left by said *Joseph Thomas* was of an amount and value less than 1,000 dollars.

The plaintiff demurred to the answers. The Court overruled the demurrer, and final judgment was given for the defendant.

The question in the case arises upon the statute of descents.

The law of *Indiana* permits owners, under some restrictions, to direct the disposition of their property after death. If the owner, however, does not avail himself of the privilege, and make a will, the law prescribes the course the property shall take, the manner in which, and the classes of per-

sons to which, it shall descend. It may be said that, in this State, heirs are made as well by law, as by will, but are not born, are *hæredes facti*, not *nati*. See *Barn* v. *Allen*, 9 Am. Law Reg. p. 747.

Our statute of descents is found at p. 291 of the 1st vol. R. S., by G. & H. It classifies persons who may inherit, and makes preferred classes. It places the widow and children, and the representatives of the latter, in the first class, and fixes the proportion which shall pass to the widow, if there be one; if there be no widow, the children and their representatives take the whole. The first fourteen sections, except the saving in the seventh, go upon the hypothesis that there may be no widow, and that the whole estate, therefore, is to descend to other heirs ; at least they do not assume to make any provision for the widow, if one exists. But, to prevent any misconstruction, or doubt, as to what might be the intention of the Legislature, it is expressly declared in section fifteen, that all the first mentioned sections are subject to, and are to be qualified by, the provisions elsewhere made in the act for widows, where they exist. What provision, then, is elsewhere made in the act for an existing widow? Different provisions are made, varying with circumstances.

One of the provisions made, adapted to one class of circumstances, is as follows :

" Sec. 25. If a husband or wife die, intestate, leaving no child, but leaving a father and mother, or either of them, then his or her property, real and personal, shall descend, three-fourths to the widow or widower, and one-fourth to the father and mother, jointly, or the survivor of them: *Provided*, that if the whole amount of property, real and personal, do not exceed 1,000 dollars, the whole shall go to such widow or widower."

The case at bar exactly falls within this provision.

The plaintiff rests his claim to the land upon section seven, which enacts that when an estate shall have come to the intestate by gift, &c., it shall revert to the donor, &c., if the intestate die without children, &c. But, as we have already seen, this enactment must, by section fifteen, probably, be taken subject to the provision made for the widow, where one exists, as there does in this case; but, if section fifteen does not apply, the saving clause in section seven, itself, does, and that expressly reserves to the widow or widower all " her or his rights therein;" which embraces, we think, beyond doubt, the legal rights created by other portions of the statute. See note 2 to 1st G. & H., p. 296, and *Armstrong* v. *Berreman*, 13 Ind. 422.

*Per Curiam.*—The judgment below is affirmed with costs.

*John Brownlee*, for the appellant.

*J. L. Knight* and *J. M. Washburn*, for the appellee.

