THE STATE *ex rel.* LOCKHART *v.* MASON *et al.*

EXECUTORS AND ADMINISTRATORS—WIDOW.—*A* executed a mortgage on his land to *B*, in which his wife joined, to secure the payment of a debt. *A* died since the taking effect of the code of 1852, his wife him surviving, and said debt remaining unpaid. *C* became administrator of his estate, and there came into his hands, as such, assets sufficient to pay the expenses of administration, the expenses of the intestate's last illness, and funeral expenses, and said mortgage debt. But he failed to pay the mortgage debt, and suffered the mortgage to be foreclosed, and the property to be sold to pay said debt, and applied said assets to the payment of other debts not liens on the real estate.

*Held,* 1. That it was the duty of the administrator to pay said mort-

gage debt out of said assets, and that his neglect to do so constituted a breach of his official bond.

2. That the widow of *A* had a right to have said assets applied in payment of said debt before the payment of general debts, and was damaged by the failure of the administrator so to apply it, and for such damage, she had a right of action against him and his sureties on his official bond.

3. That, so far as a widow takes by descent from her husband, under the provisions of chapter 46, 1 G. & H. 291, she takes also as his heir, and, therefore, she may, under sec. 162, 2 G. & H. 529, maintain an action against an executor or administrator on his bond.

APPEAL from the *Martin* Common Pleas.

WORDEN, J.—This was an action by the appellant against the appellees, upon an administration bond, executed by *Edwin B. Mason* and his sureties, as administrator of the estate of *William Chutts,* deceased. Demurrer to the complaint sustained, and judgment for defendants.

*Mrs. Lockhart* was the widow of *Chutts,* deceased, having since intermarried with *John H. Lockhart.* The complaint alleges, in substance, that, prior to the death of said *William Chutts,* he executed a mortgage on certain real property, described, which he then owned, to one *Sims,* to secure the payment of 300 dollars; that his wife, now *Mrs. Lockhart,* joined in the mortgage, which remained unpaid at the death of the decedent; that there came into the hands of said administrator assets in money to the amount of over 1,200 dollars, more than enough to pay the expenses of administration, the expenses of last sickness, and funeral expenses, and the said mortgage debt; that subsequently, to-wit: in *Jnly,* 1861, the mortgage was foreclosed, and the premises sold to satisfy said debt, whereby the interest of *Mrs. Lockhart,* in the premises mortgaged, was foreclosed and barred; that *Mason,* although he had the money in his hands, wherewith to pay said debt, and although it was his duty to pay the same, failed and re-

The State ex rel. Lockhart *v.* Mason et al.

fused to make such payment, and suffered the foreclosure of the mortgage, and the sale of the premises; but that, on the contrary, he applied 600 dollars of said assets to the payment of debts not liens upon the real estate of the deceased, and the residue thereof he converted to his own use.

We are of opinion, that the facts alleged constitute a breach of the administration bond, for which the widow of the deceased is entitled to maintain an action. She had a right to have the funds applied, after paying expenses of administration, and the funeral expenses, and the expenses of last sickness, to the payment of this debt, before the payment of general debts, because the statute makes it the duty of the administrator to make such payment. 2 R. S. 1852, p. 273. Nor are the damages, sustained by the widow, too remote; they are the direct and immediate consequence of the administrator's breach of duty. She was entitled, as we have seen, to have the mortgage paid out of the assets in the hands of the administrator; and by his failure to make such payment, the mortgaged premises have been sold, and she has lost her interest therein.

But, it is insisted, that the widow does not come within any of the classes of persons authorized by statute, to sue upon an administrator's bond. Such suit may be brought by any "creditor, heir, legatee," &c. 2 R. S. 1852, p. 285, sec. 162. By the 17th section of the act regulating descents, &c., 2 R. S. 1852, p. 250, it is provided, under certain limitations, that, upon a man's death, one-third of his realty shall descend to his widow; by the 23d section, one-half, under certain circumstances, descends to her. So there are other provisions of the law casting the descent upon the widow. Now, it seems to us, that, so far as the widow takes by descent from her husband, she must take as his heir. It is undoubtedly competent for the Legislature to determine, upon the death of a person, upon whom the descent of his

property shall be cast; that is to say, who shall be his legal heirs. In the case before us, the widow took as heir to her husband, by force of the statute, a portion of the property mortgaged, and she comes fully within the spirit of the statute authorizing an heir to sue the administrator on his bond for a breach of his duty. This view is sustained by what was said by this Court in the cases of *Frantz* v. *Harrow,* 13 Ind. 507; *Thomas* v. *Thomas,* 18 Ind. 9, and *Johnson* v. *Lybrook,* 16 Ind. 473. The demurrer to the complaint should have been overruled.

*Per Curiam.*—The judgment below is reversed, with costs, and the cause remanded.

*John Baker,* for the appellants.

*W. E. Niblack,* for the appellees.