## MYERS v. MYERS.

. 57 307
144 413

DESCENTS, STATUTE OF.—*Section 7 Construed.— Widow.—Husband and Wife.— Partition.*—Under the provisions of section 7 (1 R. S. 1876, p. 409,) of the act of May 14th, 1852, "regulating descents," etc., the widow of a husband who dies intestate and without children or their descendants alive is entitled to one-third, and the donor to two-thirds, in fee, of any real estate of which the husband dies seized, and which came to him by gift or conveyance in consideration of love and affection.

SAME.—*Proviso Construed. — Improvements made, and Money Expended, by Wife.—Lien for.*—By the proviso of such section, it is intended that the widow of an intestate husband who has died seized of real estate so acquired shall hold a lien, not on a part, but on the whole, of such realty for the value of all improvements by her made, and for all money belonging to her separate estate by her expended in making improvements, thereon, prior to her husband's death.

From the Parke Circuit Court.

*S. F. Maxwell* and *S. D. Puett*, for appellant.

*T. N. Rice* and *J. T. Johnston*, for appellee.

HOWK, J.—The appellant, as plaintiff, sued the appellee, as defendant, in the court below, to obtain the partition of certain real estate in Parke county, Indiana.

In his complaint, the appellant alleged, in substance, that on or about the 23d day of December, 1851, for and in consideration of natural love and affection, and for no other consideration whatever, and as a gift, the appellant executed and delivered to his son, Francis M. Myers, then thirteen years old, a deed in fee-simple to the real estate in Parke county, Indiana, particularly described in said complaint, and containing one hundred and sixty acres;

that, at the time said deed was executed, his said son resided with him, and had no estate, real or personal, and, from that time until his death, owned no other real estate except said real estate so given to him as aforesaid; that on or about the 20th day of August, 1863, the said Francis M. Myers married the appellee, with whom he lived until about the 15th day of February, 1872, when he died intestate and without issue, leaving the appellee surviving him as his widow; that said Francis M. Myers died seized of said real estate and held title thereto under and by virtue of the aforesaid deed, and none other; and the appellant alleged, that he and the appellee were tenants in common of said real estate; that he was the owner in fee of the undivided two-thirds thereof, and the appellee of the undivided one-third thereof; wherefore the appellant prayed judgment for partition, etc.

To this complaint, the appellee answered in three paragraphs, but as the only questions presented for our consideration in this cause arise upon the third paragraph, we need not specially notice the other two paragraphs of the answer.

In the third paragraph of her answer, the appellee alleged, in substance, that after the execution of the deed by the appellant to said Francis M. Myers, the said Francis M. Myers took possession of said land, which was then in a wild state, and cleared and fenced ninety acres of said land, and built two dwelling-houses, stables and out-houses, dug two wells on the same, planted an orchard, and otherwise improved said land; that, at the time of the death of said Francis M. Myers, the said improvements were, and still were, worth the sum of fifteen hundred dollars; that appellee was married to said Francis M. Myers at the time alleged in appellant's complaint, and that he died intestate and without issue or their descendants alive, on the — day of February, 1872; that appellee is his widow, and she asks that the said sum of fifteen hundred dollars may be declared a lien upon said land in

her favor, the said sum being the value of the improvements made by said Francis M. Myers upon said land after the execution to him of said deed. Wherefore the appellee asked that said amount, the value of said improvements, might be taken into consideration in said partition, and for other relief.

Issue was joined by the appellant on this and the second paragraph of the appellee's answer, by a general denial thereof.

A trial by the court below resulted in a finding that the appellant was entitled to two-thirds, and the appellee to one-third, of the real estate in controversy, and in a further finding, that the appellee's husband, in his lifetime, made improvements on said real estate of the value of six hundred and seventy-five dollars. And the court below rendered judgment in favor of the appellee for said sum of six hundred and seventy-five dollars, and that the same should be declared a lien upon the land, which should be set off to the appellant by the commissioners appointed to make such partition. And commissioners were appointed by the court below to make partition of the said real estate, between the said parties, in accordance with the finding and judgment of the court.

Afterward, at the June term, 1873, of the court below, the commissioners reported a partition of said real estate, which was confirmed by the court. And the appellant, having given notice that he would take this case to this court on the third paragraph of the appellee's answer, it was ordered by the court below, that the clerk thereof certify to this court the complaint and the third paragraph of the appellee's answer, together with the rulings of the court below thereon.

The record of this cause and the appellant's assignment of errors thereon present for our consideration the proper construction of the 7th section of the statute of this State, entitled "An act regulating descents and the ap-

portionment of estates," approved May 14th, 1852. This
7th section reads as follows:

" Sec. 7.   An estate which shall have come to the in-
testate by gift or by conveyance, in consideration of love
and affection, shall, if the intestate die without children
or their descendants, revert to the donor, if living at the
intestate's death, saving to the widow or widower, how-
ever, his or her rights therein: *Provided,* that the hus-
band or wife of such intestate shall hold a lien upon
such property for the value at the intestate's death, of
all improvements by him or her made thereon, and for
all moneys derived from the separate estates of such
husband or wife expended in making such improve-
ments." 1 R. S. 1876, p. 409.

It seems that there was no controversy in the court
below, nor is there any in this court, as to the respective
shares or rights of the appellant and the appellee in the
real estate proper, of which the said Francis M. Myers
was seized in fee-simple during his marriage with appel-
lee, and at the time of his death.   Indeed, there was, and
is, no room for controversy on this point, under the admit-
ted facts of this case.   As surviving wife, the appellee was
" entitled," under section 27 of our law of descents, to
one-third of said real estate.   1 R. S. 1876, p. 413.

This was the right of the appellee in said real estate,
not as an heir of said Francis M. Myers, deceased, but
as his surviving wife.   *May* v. *Fletcher,* 40 Ind. 575.   This
was the " right" which is expressly saved to the appel-
lee as the widow of said decedent, under said section 7
of our descent law, in the real estate given to said Francis
M. Myers by the appellant.   And this right to one-third
of said real estate being saved to the appellee as widow,
the remaining two-thirds reverted to the appellant as the
donor thereof, under the provisions of the said 7th sec-
tion.

The real controversy between the parties to this suit is
in relation to the improvements made on said real estate

by said Francis M. Myers, prior to his death. There is no controversy, in this court, about the value of these improvements. But the questions for our consideration, as we understand them, may be thus stated:

1. . Under the facts of this case, is the appellee, as the surviving wife of the intestate, entitled to the value, at the intestate's death, of all improvements by him made on said real estate?

2. May the appellee, as the wife of said intestate, if she is entitled to the value of such improvements, hold a lien for such value and enforce the same against the appellant's share only of said real estate?

The answers to these two questions depend entirely upon the construction which may be given to the proviso in the 7th section, before cited, of the act regulating descents.

The facts of this case, as they appear in the record, bring the case fairly within the terms of said proviso, and its construction is therefore necessary to the proper decision of this cause. The questions above stated, therefore, will be separately considered and decided.

1. The proviso is loosely and inaccurately worded, and in consequence is somewhat difficult of interpretation. In our opinion, however, as applicable to the case at bar, this proviso should be construed as if it read, that the wife of such intestate shall hold a lien upon such property for the value, at the intestate's death, of all improvements by *her*, and not by him, made thereon. This construction, it seems to us, is in harmony with, and gives some meaning to, the remainder of the proviso. For, if the proviso should be so construed as to provide that the wife of such intestate shall hold a lien upon such property for the value, at the intestate's death, of all improvements by him or her made thereon, there would be no sense whatever in the remainder of the proviso, which provides, as applied to this case, an additional lien in favor of the appellee for all moneys derived from her separate estate, ex-

pended in making such improvements. If, in other words, the proviso gives the appellee a lien on the property in question for the value of all improvements made by him or her thereon, the remainder of the proviso must be regarded as inoperative and of no effect. For it can hardly be presumed that the Legislature intended, that, in such a case as this, the survivor should hold a lien for both the value of all improvements, and also for the survivor's money expended in making the same improvements.

It seems to us, that the true intent and meaning of this proviso, as applied to the case now before us, would give the appellee a lien on the property in question for the value, at her husband's death, of all improvements, if any, made by her on said property, and also for all moneys, if any, derived from her separate estate, expended in making improvements on said property. It was not alleged, however, in the third paragraph of appellee's answer, which was, properly speaking, a counter-claim or cross-complaint, that any improvements were made by the appellee on the land described in appellant's complaint, or that any moneys, derived from appellee's separate estate, were expended in making improvements on said land. On the contrary, it was expressly averred, in said third paragraph or counter-claim, that appellee's deceased husband had, in his lifetime, made all the improvements described in said paragraph or counter-claim, on the land in question. Indeed, it is manifest that appellee's third paragraph or counter-claim was prepared and filed in this cause, upon the mistaken theory that the appellee, under the facts of this case and by virtue of said proviso in said 7th section of the law of descents, held a lien upon said land for the value, at the death of her deceased husband, of all improvements by him made thereon. It is clear, therefore, to our minds, that the appellee's third paragraph or counter-claim did not state facts sufficient to constitute a cause of action, or to entitle the appellee to the relief therein sought for, and that the

finding of the court below thereon was contrary to law. The decisions of the court below on these points were made a part of the record of this cause by a special order of the court below, and their correctness is therefore fairly presented for our consideration.

2. The value of said improvements, as found by the court below, was declared, by the judgment of the court, "a lien upon the lands which shall be awarded the plaintiff by the commissioners herein." Practically, the question presented by this feature of the judgment is of but little importance in this case. It seems to us, however, that this part of the judgment of the court below is so manifestly erroneous, that we deem it our duty to point out briefly our objections thereto.

The law provided, as we have seen, that the appellee should "hold a lien upon such property" for the value of all improvements by her made thereon. The words "such property," as here used, evidently mean the property which came to the intestate "by gift or by conveyance, in consideration of love and affection," from his father, the appellant. The lien is given by law upon the entire property, and not upon a part or share thereof. Under the order of partition, in this case, the commissioners were directed to assign and set off to the appellant two-thirds of the land, "embracing improvements," and to the appellee one-third of the land, "*not* embracing improvements." It might possibly be, that, under such an order, no injustice would be done to either party. But the lien is given by the statute, and not by the judgment of the court; and, in such a case, it seems to us, that the court should merely enforce the lien, as given by the statute, against the property made subject to such lien.

The judgment is reversed, at the appellee's costs, and the cause is remanded for a new trial, and for further proceedings, in accordance with this opinion.