No. 9025.

FONTAINE v. HOUSTON ET AL.

86   205
144   413

DESCENTS.—*Husband and Wife.—Conveyance.—Consideration.—Reversion.— Statute Construed.*—Where a husband, in consideration of love and affection, causes his lands to be conveyed to his wife, the whole of such lands, upon her death intestate, seized of the lands and without children, or their descendants, leaving the husband surviving, reverts to him, under section 2473, R. S. 1881, between which and section 2489 there is no conflict.

From the Marion Circuit Court.

*C. P. Jacobs*, for appellant.

*L. Jordan*, for appellees.

BICKNELL, C. C.—The plaintiff, in 1875, filed her complaint against Houston and wife, Northrop and wife, and the city of Indianapolis, alleging that, in 1862, she was the owner of one-fourth of the land in controversy, and Charles G. French owned the other three-fourths; that the Indianapolis Building and Loan Association held a mortgage on the land, and, in 1862, foreclosed the same, making the plaintiff a defendant in the foreclosure suit; that the plaintiff was a non-resident, and that the affidavit of publication, as to her, was defective, in failing to show that she was a necessary party to the suit; that the court, therefore, had no jurisdiction as to her, and that she knew nothing of the suit until 1875; that the decree of foreclosure was void as to her, for want of jurisdiction; that, in 1863, the land was sold under said decree to the said building and loan association; that, in July, 1863, said building and loan association reconveyed the land to said Charles G. French, whose title has become vested in the defendants, who are in possession and have been receiving the rents and profits; that, shortly before this suit was brought, the plaintiff offered to redeem said land, and demanded from defendants an accounting as to the rents and profits, which they refused.

The complaint demanded an accounting, and that the plaintiff's equitable interests be ascertained, and that she be permitted to redeem, etc. This complaint was held sufficient on

demurrer.    *Fontaine* v. *Houston*, 58 Ind. 316.    The plaintiff claims one-fourth of the land as the sole surviving parent of Emma C. French, who died seized thereof, without issue, leaving a husband her survivor.

The defendants answered :

1. By a general denial.

2. That Charles G. French was the owner of the property, and, in November, 1858, in order to convey the title to his wife Emma C. French, in consideration of love and affection, conveyed it by quitclaim to J. C. Pomeroy, who, in December, 1858, conveyed it by quitclaim to said Emma; that, prior to these conveyances, French and wife had mortgaged the property, as stated in the complaint; that afterwards said Emma died intestate, without issue, whereby the title was revested in her said husband, who survived her, and that, after her death, the foreclosure proceedings were had, as stated in the complaint; that French afterwards conveyed the property to Shoemaker, who conveyed it to the defendants Houston and Northrop, and they conveyed part of it to the city of Indianapolis.

A demurrer to this second paragraph of answer was overruled; the plaintiff replied in denial; the suit was dismissed as to the city of Indianapolis.    A trial by the court resulted in a finding for the defendants.    The plaintiff moved for a new trial, alleging,

1st. That the finding was not sustained by sufficient evidence.

2d. That the finding was contrary to law.

This motion was overruled, judgment was rendered upon the finding, and the plaintiff appealed.    The errors assigned are :

1st. Overruling the demurrer to the second paragraph of the answer.

2d. Overruling the motion for a new trial.

Section 7 of the law of descents is as follows :

"An estate which shall have come to the intestate by gift or by conveyance, in consideration of love and affection, shall, if the intestate die without children or their descendants, revert to the donor if living at the intestate's death, saving to

Fontaine *v.* Houston *et al.*

the widow or widower, however, his or her rights therein." 1 R. S. 1876, p. 409.

Section 25 of the same law provides that "If a husband or wife die, intestate, leaving no child, but leaving a father and mother, or either of them, then his or her property, real and personal, shall descend three-fourths to the widow or widower, and one-fourth to the father and mother jointly, or to the survivor of them." 1 R. S. 1876, p. 412.

In support of her demurrer the plaintiff claims that, under the proper construction of these sections, although Charles G. French was a grantor in consideration of love and affection, and although he survived the grantee, who died intestate without issue, yet the land does not revert to him under section 7, but that, under section 25, only three-fourths of the land descends to him, and the other one-fourth descends to the plaintiff as the sole surviving parent of the grantee. No authority is cited for this construction, and we do not adopt it. There is no conflict in sections 7 and 25. Section 7 embraces all cases where there is a grantor in consideration of love and affection. The meaning of the two sections, taken together, is, that, if the wife die intestate, leaving a husband and no child, but a father and mother, or either of them, then the property shall descend three-fourths to the widower, and one-fourth to the father and mother jointly, or the survivor of them; but if the property were conveyed to the intestate by such widower in consideration of love and affection, then the whole of it shall revert to him.

The court below, therefore, did not err in overruling the demurrer to the second paragraph of the answer, and there was no error in overruling the motion for a new trial. The evidence sustained the allegations of the answer, and the finding was not contrary to law. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.