Amos *v.* Amos *et al.*

No. 13,167.

## AMOS *v.* AMOS ET AL.

DEED.—*Remainder.—Vesting.—Presumption.*—The law not only favors the vesting of remainders, but it also presumes that words postponing the estate relate to the beginning of the enjoyment of the remainder and not to the vesting of the estate.

SAME.—*Descent.—Estate Taken by Intestate in Consideration of Love and Affection.—Rights of Widow.*—Under section 2473, R. S. 1881, relating to an estate coming to an intestate in consideration of love and affection, the widow takes only by virtue of her marital rights, and not as an heir or descendant.

SAME.—*Reversion to Donor.— When Widow has no Interest.*—Where, in consideration of love and affection, land is conveyed to A. for life, with the fee to his children begotten in wedlock, and, failing children, to other persons, the remainder vests immediately upon the birth of a child, and upon the death of both A. and the child without children, the land reverts to the donor under the statute, the limitation to others not being effectual; but whether the limitation over be considered as effectual or void, the widow of A. has no interest in the land.

From the Rush Circuit Court.

*J. Q. Thomas, J. J. Spann, G. C. Clark, D. S. Morgan* and *H. E. Barrett,* for appellant.

ELLIOTT, C. J.—The facts in this case are the same as in the case of *Amos* v. *Amos, ante,* p. 19, and the controversy grows out of the same instruments to which we there gave a construction. The principal controversy here is between the widow of Liford K. Amos and the grantor in the deed referred to in that case, she claiming the entire estate in the land conveyed to her husband for life by his grandfather, while the grandfather, Joseph J. Amos, Sr., claims that the title to two-thirds, at least, of the land reverted to him. The other parties claim, as in the former case, that they took the entire estate when Liford K. Amos died.

In addition to what was said in the former case upon the

question of the vesting of the remainder during the life of the tenant of the particular estate, we affirm, as an established principle, that the law not only favors the vesting of remainders, but it also presumes that words postponing the estate relate to the beginning of the enjoyment of the remainder and not to the vesting of that estate. *Davidson* v. *Koehler*, 76 Ind. 398; *Davidson* v. *Bates*, 111 Ind. 391; S. C., 12 N. E. Rep. 687, and authorities cited in note; *Davidson* v. *Hutchins*, 112 Ind. 322. The words creating the remainder in this instance, which postponed the enjoyment of the estate in remainder until after the termination of the particular estate, did not postpone the vesting of the remainder, but that estate vested immediately on the birth of the child of Liford K. Amos.

Between the widow, Eva W. Amos, and the grandfather of her deceased husband, the question is whether section 2473 of the R. S. of 1881 governs, or whether the case falls within the general law of descents. That section, so far as it is relevant here, reads thus: "An estate which shall have come to the intestate by gift or by conveyance, in consideration of love and affection, shall, if the intestate die without children or their descendants, revert to the donor, if living, at the intestate's death, saving to the widow or widower, however, his or her rights therein."

This statute makes provision for a peculiar class of cases, and expressly excepts it from the rules which prevail in ordinary cases. In *Myers* v. *Myers*, 57 Ind. 307, it was held that under this section the widow would take one-third of the land, not as heir, but in virtue of her rights as a surviving wife. A like ruling was made in *Mitchell* v. *Parkhurst*, 17 Ind. 146. In *Thomas* v. *Thomas*, 18 Ind. 9, it is taken for granted that this statute governs in all cases where the consideration is love and affection and the donee dies without children before the death of the donor, and it was held that the saving clause in it protects the widow. It was held

in *Fontaine* v. *Houston*, 86 Ind. 205, that a husband who had conveyed land to his wife in consideration of love and affection was entitled to the entire estate upon her death without children. In line with these cases is that of *Kenney* v *Phillipy*, 91 Ind. 511. The only difficulty in this case, in view of these authorities, is presented by the ruling of the trial court asserting that the widow took one-third of the land, for her husband had only a life-estate. As that terminated with his death, it is not easy to perceive how she took any estate at all. Under the statute immediately before us, a widow takes only by virtue of her marital rights, and not as an heir or descendant. *Myers* v. *Myers, supra; Brown* v. *Harmon*, 73 Ind. 412; *Wood* v. *Beasley*, 107 Ind. 37; *McNutt* v. *McNutt*, 116 Ind. 545. It is clear that the statute does not refer to her as an heir or descendant, since to affirm that conclusion would be to assert that the Legislature did an idle thing in expressly preserving her rights. Eva W. Amos got as much, and more, perhaps, than she was entitled to in securing one-third of the land, and she, at all events, has no cause of complaint.

It is certain that both Liford K. Amos and his son got all the estate that ever vested in them from Joseph J. Amos, Sr., and that the consideration which induced the grant was love and affection, so that it is difficult to resist the conclusion, that, upon the death of Liford K. and his son, without children, the estate reverted to the donor. This phase of the controversy is not affected by the fact that the child of Liford K. took an estate in fee during his father's lifetime, for the asserted limitation over was not effectual, but had it been, still the statute would preserve the rights of the donor as against the appellant, Eva W. Amos. She is in this dilemma: If there was a valid limitation to the other grandchildren of Joseph J. Amos, Sr., it became effective upon the death of her child during the lifetime of her husband; but, if there was no such valid limitation, then, as neither her

child nor her husband died leaving children, the estate reverted to the donor under the statute, and in either case she has no 'interest in the land.

Judgment affirmed.

Filed Jan. 23, 1889.