Dolin *et al. v.* Leonard.

No. 17,837.

## Dolin et al. *v.* Leonard.

DESCENT.—*Real Estate.*—*Gift.*—*When Reverts to Donor.*—That one who has taken possession of land under a contract of purchase, paid the purchase-money therefor, and made valuable improvements thereon, has a deed made by the vendor directly to the former's daughter, in consideration of love and affection, does not deprive him of the benefit of section 2628, R. S. 1394, providing that an estate which has come as a gift to an intestate, who dies without children, shall revert to the donor, saving to the widower his rights therein.

SAME.—*Statute Construed.*—*Estate by Gift.*—*Reversion to Donor.*— The provisions of section 2650, R. S. 1894, that where a wife dies intestate without children, but leaving a father or mother, her property shall descend, three-fourths to the widower and one-fourth to the father and mother, or the survivor, provided that the whole shall go to the widower, if the entire amount does not exceed $1,000, does not apply to land which came to the intestate by gift or in consideration of love and affection, which is governed by section 2628, providing that such land shall revert to the donor on the death of the donee intestate without children, saving to the surviving spouse his rights therein, which is a one-third interest.

Appeal from the Montgomery Circuit Court.

*B. Crane* and *A. B. Anderson,* for appellants.

*M. E. Clodfelter* and *Puett & McFadden,* for appellee.

MONKS, J.—It appears from the special finding of the court, that in 1868 Joseph R. Huff, father of appellee, purchased of one Buchanan the real estate in controversy and paid him therefor; that before the deed was executed Huff took possession of the real estate and built a dwelling house thereon, and enclosed the same with a fence; afterwards said Huff desiring to

give said real estate to his daughter Adaline, directed and caused Buchanan, on the 9th of November, 1868, to execute a deed conveying the same to said daughter. A consideration of $125.00 was stated in the deed. Adaline accepted said real estate as a gift from her father, the only consideration therefor as between them being love and affection.

Afterwards, in 1889, said Adaline died intestate, the owner of said real estate. She left no child or children or other descendants, but left her husband, Alexander Pickard, her father, and appellee, her sister, surviving her. The only property owned by said Adaline at the time of her death was said real estate, worth $300.00, and personal property of the value of $500.00. About one year after the death of said Adaline, her father, Joseph R. Huff, died intestate, leaving appellee, his daughter, as his only heir. In 1894 Alexander Pickard died intestate, leaving surviving him several children by his first wife, said Adaline being his second wife, by whom he had no children. After said Pickard's death, his children conveyed said real estate to John Pickard, appellant, who claims to own all of said real estate by deed from the heirs of said Alexander Pickard. The court below held that on the death of said Adaline, her husband, Alexander Pickard, inherited one-third of said real estate, and the other two-thirds went to her father under the provisions of section 2473, R. S. 1881 (section 2628, R. S. 1894), which is as follows: "An estate which shall have come to the intestate by gift or by conveyance in consideration of love and affection, shall, if the intestate die without children or their descendants, revert to the donor, if living, at the intestate's death, saving to the widow or widower, however, his or her rights therein: *Provided*, That the husband or wife of such intestate shall hold a lien upon such property

for the value, at the intestate's death, of all improvements by him or her thereon, and for all moneys derived from the separate estate of such husband or wife expended in making such improvements."

Appellant insists that the legal title to the real estate was never in Joseph R. Huff, therefore the same could not revert to him under section 2473 (2628), *supra.* It is true, the real estate was not conveyed to Huff by Buchanan, but he had taken possession of the same under the contract of purchase and paid the purchase-money therefor and made lasting and valuable improvements thereon, and was the equitable owner thereof, and could have enforced specific performance of the contract to convey. The fact that he caused the deed to be made by Buchanan directly to his daughter instead of to himself, and then his conveying the same to her did not deprive him of his rights under said section.

It is sufficient answer to this contention of appellant, however, to say that this court has held that the donor, on the death of the donee, takes the estate under said section as heir and not as reversioner or remainderman. *Wingate* v. *James,* 121 Ind. 69.

Appellant urges, however, "that as the whole amount of property left by said Adaline did not exceed $1,000.00, it all went to Alexander Pickard, her widower, under section 2489, R. S. 1881 (section 2650, R. S. 1894); that this court had so construed said section in *Thomas* v. *Thomas,* 18 Ind. 9; and that therefore the appellee, John Pickard, is the owner of all of said real estate under his deed from the heirs of Alexander Pickard."

Said section 2489 (2650) is as follows: "If a husband or wife die intestate, leaving no child, but leaving a father or mother, or either of them, then his or her property, real and personal, shall descend, three-

fourths to the widow or widower, and one-fourth to the father and mother jointly, or to the survivor of them: *Provided,* That if the whole amount of property, real and personal, do not exceed $1,000.00, the whole shall go to such widow or widower."

This court, in *Thomas* v. *Thomas, supra,* said that under section 2489 (2650), *supra,* "if the estate of a husband who dies intestate, without a child or children or their descendants, does not exceed $1,000.00 in value, lands conveyed to him as a gift will not revert to the donor, but will go to the widow of the donee." If this is a correct construction of this section then in such a case if the whole amount of the property left by such husband had exceeded $1,000.00 the widow would be entitled to three-fourths thereof under said section, and one-fourth would have reverted to the donor, or if the donor of the real estate was neither the father nor mother of the donee, then upon the death of the donee intestate, without a child or children, or their descendants, leaving no father or mother, but leaving a widow or widower, such widow or widower would take the whole estate without regard to its value under section 2490, R. S. 1881 (section 2657, R. S. 1894), which provides: "If a husband or wife die intestate, leaving no child and no father or mother, the whole of his or her property, real and personal, shall go to the survivor." Such a construction of said sections would in effect nullify section 2473 (2628), *supra,* providing that in certain cases real estate should revert to the donor.

This was not the intent of the legislature in the enactment of said sections.

*Thomas* v. *Thomas, supra,* cited by appellant, was overruled by the following cases: *Myers* v. *Myers,* 57 Ind. 307 ; *Fontaine* v. *Houston,* 86 Ind. 205; *Amos* v. *Amos,* 117 Ind. 37.

In *Myers* v. *Myers, supra,* one Myers, in consideration of love and affection and as a gift, conveyed to his son one hundred and sixty acres of land in this State. The son died in 1872, intestate and without issue, leaving surviving him his widow. This court held that the widow took one-third of said real estate and the father, as donor, took the two-thirds thereof under the provisions of section 2473 (2628), *supra,* that the right which is expressly saved to the widow by said last-named section is one-third, and not three-fourths or all, as provided by section 2489 (2650), as decided in *Thomas* v. *Thomas, supra,* and claimed by appellant.

In *Fontaine* v. *Houston, supra,* this court held that when a husband, in consideration of love and affection, transfers his real estate to his wife by conveying the same to another, who reconveys the same to the first grantor's wife, the whole of such real estate, upon her death intestate, without children or their descendants, leaving her mother and her husband surviving reverts to her husband under section 2473 (2628), *supra,* and no part goes to the mother under section 2489 (2650), *supra.* This court said: "The meaning of the two sections, taken together, is, that, if the wife die intestate, leaving a husband and no child, but a father or mother, or either of them, then the property shall descend, three-fourths to the widower and one-fourth to the father and mother jointly, or the survivor of them; but if the property were conveyed to the intestate by such widower in consideration of love and affection, then the whole of it shall revert to him."

It is clear, we think, that sections 2489 (2650) and 2490 (2657), *supra,* do not apply in cases where the real estate came to the intestate by gift or by conveyance in consideration of love and affection.

Section 2473 (2628), *supra,* providing when the estate shall revert to the donor, embraces a distinct class of

cases not otherwise provided for, and its provisions expressly except it from the other sections, except those which give to the surviving widow or widower one-third.   It was the intent of the legislature by this section to save to the widow or widower only that part of such real estate as the donee could not have deprived such widow or widower of by will under any of the other sections.

It follows that the court did not err in its conclusions of law as to the interest owned in said real estate by appellee.   There is no available error in the record.

Judgment affirmed.

