FOLTZ
v.
PETERS.

————▶•◆•◀————

FOLTZ, Administrator of WILGUS *v.* PETERS.

Where land is sold by an administrator subject to existing liens, the purchaser takes subject to the liens, and the land continues liable for the payment of them; but the Court may order a sale for the purpose of discharging the liens, and in such case, the purchaser takes the land relieved from the liens, although not fully paid; the residue, after the application of the purchase money, remaining a claim against the estate.

If a sale is made subject to an existing lien, and the holder of such lien agrees to pay for the property a sum in addition to the lien, such sale would operate as an extinguishment of the lien.

Tuesday,   APPEAL from the *Tippecanoe* Common Pleas.
June 4.
HANNA, J.— *Wilgus*, in his lifetime, contracted in writing

with *Ford*, to deliver him ten thousand eight hundred bushels of corn, for which he acknowledged the receipt of the price.

Afterward, *Ford* assigned the contract, in *December*, 1856, to *Peters*, with a credit of six hundred and forty bushels of corn, and $118, indorsed thereon. *Peters* filed the contract as a claim against the estate of *Wilgus*.

*Foltz* set up certain facts, first, as a payment of the said claim; and, second, as an estoppel, &c.; namely, that at the time the contract was made, and to secure the due performance thereof, *Ford* took a mortgage from *Wilgus* on certain lands, &c., which was also assigned to *Peters;* that said lands were of the value of $3,400, and were encumbered by another mortgage for $1,279, of which *Peters* had notice; that *Wilgus* died in *January*, 1856, and in *July*, 1856, defendant filed his petition to sell these lands, &c.; that they were appraised at nothing, subject to said liens, which amounted to $4,400, and were sold to the said *Peters* for one dollar, subject to said mortgages; that a deed was made and delivered to him therefor.

A demurrer was filed to these answers, stating that they did not show facts sufficient, &c., in this, that they did not aver that the said lands, so mortgaged and purchased, were of as much value as the mortgage of the purchaser, after paying the said prior lien. The demurrer was sustained, which presents the only point made here.

The appellant has cited us to but one authority upon which he relies, viz., 2 R. S., § 89, p. 269; which provides, that, whenever any executor, &c. shall sell any lands subject to any lien or charge thereon, he may take a bond of the purchaser, with sureties, conditioned that such purchaser will make all payments, and indemnify him and all persons interested, &c. against all liabilities of the deceased on account of said land.

It is insisted that this statute changes the rule laid down in the cases of *Murphy* v. *Elliott*, 6 Blackf. 482; and *Johnston* v. *Watson*, 7 id. 174. In those cases it was substantially decided, that if he who held a lien on real estate should purchase it in, it operated as an extinguishment of the lien, to the value of the property, and no more. With those decisions in view, as enunciating the correct rule of law at the time of the

adoption of the statute in question, we are unable to see any necessity for such statute, unless it was intended, as its language would indicate, to change the rule which thus prevailed. We are of opinion that such was the purpose of its adoption. We are strengthened in this interpretation by the reading of the latter clause of the same section, which is in this language: "but the Court may make an order for the sale of any real estate of the decedent, &c., for the payment of the purchase money, or valid lien thereon." It is manifest then, that the Court may order the property to be sold subject to existing liens, or for the purpose of discharging liens. If a purchase should be made under the former order, the purchaser would buy subject to, and the property be liable to, the liens, in addition to the sum the purchaser might agree to pay ; and the representative of the estate might also require a bond, that such liens should be discharged, and should not become a claim at any future time against the estate. If a sale should be made under the latter clause, and an order based thereon, the purchase money would be applicable to, or toward, the discharge of the lien, and the purchaser would receive the property relieved from such lien, although it might not be fully paid ; the balance remaining a claim against the estate, if in a condition to be presented as such. If the holder of the lien should agree to pay a sum for the property in addition to the lien, such sale would operate as an extinguishment of the lien, and no bond from him, to hold the estate harmless, would be necessary.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*John M. La Rue* and *D. Royse*, for the appellant.

*D. P. Vinton* and *John F. Miller*, for the appellee.