CLARKE v. HENSHAW.

DECEDENTS' ESTATES.—*Mortgage.*—The personal property of a decedent is the primary fund for the payment of debts, and the filing of a note made by the decedent in his lifetime, and secured by mortgage on his real estate, as a claim against his estate, entitles the holder to a *pro rata* dividend out of the assets.

SAME.—*Sale by Administrator to Discharge Lien.*—Nothing less than full payment of such a note releases the mortgage, though the holder of the note have notice of the sale of the mortgaged property by the administrator, under an order of court, and receive his *pro rata* portion of the proceeds, unless the property be sold under the provisions of the statute (2 G. & H. 512, sec. 89) authorizing a sale for the purpose of discharging the lien.

APPEAL from the Johnson Circuit Court.

RAY, C. J.—This suit was to foreclose a mortgage made by Samuel B. McKeehan to secure several notes, one of which had been assigned to the plaintiff.

The complaint is in one paragraph, and alleges that Samuel B. McKeehan in his lifetime executed certain promissory notes, one of which was afterwards assigned to the plaintiff, Jesse B. Henshaw; that to secure these notes, he and his wife, Pamela McKeehan, at the same time executed to M. W. Thomas, the original payee of said notes, a mortgage on certain real estate in Johnson county, Indiana, copies of which mortgage and the note held by the plaintiff are filed with the complaint; that said mortgage was duly recorded in Johnson county; that said McKeehan died, leaving certain persons named in the complaint his heirs, all of whom are made parties; that the note sued on was filed in the Common Pleas Court as a claim against said estate, and admitted, and payments made thereon, leaving a balance due and unpaid after final settlement of the estate; that one John Clarke claimed an interest in the mortgaged premises, and was also made a defendant. Prayer for judgment of foreclosure for the balance due on the note. On the calling of the cause the defendants, except John Clarke, were called and defaulted. Clarke answered in four paragraphs.

1. As to one undivided half of the mortgaged premises, admitting the execution of the note and mortgage and alleging that afterwards said McKeehan sold and conveyed one half of said premises to one Lysander Adams, and that at the time of his death said McKeehan owned but one half of said property; that after his death the note sued on was filed by the plaintiff against his estate, and on final distribution he received his *pro rata* share of the assets.

2. As to the other undivided half of said premises, admitting the making of the note and mortgage and the death of said McKeehan, and alleging that an administrator was appointed; that the claim sued on was filed and admitted as a claim against said estate; that said administrator procured an order of the proper court to sell said half of said premises, under which said half was sold to Lysander Adams for two thousand dollars, the full value thereof and the best price that could be obtained therefor, all of which was done with the full knowledge of the plaintiff; that said estate was settled as insolvent; that the whole of the proceeds of the sale of said half of said mortgaged premises was paid on the claim of said plaintiff and other notes secured by said mortgage in just and ratable proportion; that said plaintiff received the amount paid on his claim with full knowledge that said half of said premises had been so sold, and that the amount paid him was a part of the proceeds of said sale. Copies of the proceedings in the Common Pleas Court are made exhibits.

3. And as to the whole of said complaint, admitting the making of the note and mortgage, the death of McKeehan, &c., and alleging a sale of one half of said premises by McKeehan to Lysander Adams for four thousand dollars, its full value; that after the death of McKeehan the notes of said Adams for said purchase money came into the hands of the administrator as a part of the assets of said estate, which plaintiff well knew; that said plaintiff and all the holders of the other notes secured by said mortgage filed

all their notes in the Common Pleas Court against said estate; all of which were allowed by said court; that the administrator of McKeehan's estate procured an order of court, with the full knowledge of said plaintiff, to sell the remaining half of said premises; that under said order he sold said half to Lysander Adams for two thousand dollars, the full value and best bid; that said plaintiff had notice of said order of sale; that said estate was settled as insolvent, and the whole assets, including the proceeds of Adams' notes for the half sold by McKeehan and the proceeds of the sale of the other half by the administrator, were paid on the mortgage debts, including that of plaintiff, in ratable proportion; that the plaintiff, with a full knowledge of all the foregoing facts, and that the money so paid was the proceeds of said sales of the mortgaged premises, received his portion of said assets on said final settlement, and still retains the same. Copies of proceedings in court are made exhibits.

4. Payment generally.

To the whole of this answer the plaintiff demurred, filing separate demurrers to each paragraph. The court sustained the demurrers to the first, second and third paragraphs of the answer, and the defendant Clarke withdrew the fourth. To the sustaining of said demurrers Clarke excepted, and declining to amend, the court found for the plaintiff.

The transcript shows that the proceeding was this: all claims were filed with the administrator; he paid on them proportionally; when funds failed he sold real estate, without any special order of court as to the mortgages and proceeds; the proceeds went into the general fund and were paid *pro rata* on all debts.

The ruling of the court below was correct. The filing of the note as a claim against the estate entitled the holder to a *pro rata* dividend out of the assets of the estate. The personal property is the primary fund from which debts are to be paid, and nothing less than full payment of the notes releases the mortgage, unless the property so incumbered

be sold under the provisions of the statute authorizing a sale for this purpose.    2 G. & H. 512, sec. 89; *Foltz* v. *Peters* 16 Ind. 244.   The answer does not allege that the sales of the property so incumbered were made free from the lien of the mortgage.   The fact that appellee had notice of the sale and received a *pro rata* portion of the proceeds, is of no importance, as the purchaser took the land subject to his mortgage.

The judgment is affirmed, with five per cent. damages and costs.

*G. M. Overstreet* and *A. B. Hunter*, for appellant.

*W. Henderson, S. E. Perkins, L. Jordan*, and *S. E. Perkins, Jr.*, for appellee.