MARTIN, GUARDIAN, v. BEASLEY.

GUARDIAN AND WARD.—*Order Against Guardian Without Notice.*—An order made by a court without notice to a guardian, requiring him to pay a debt claimed to be due from him or his ward, as to pay taxes on land of his ward's ancestor, sold by the administrator of the said ancestor's estate, is void.

SAME.—*Summary Proceeding.*—Upon failure of the guardian to comply with such an order, a citation to him to appear *instanter* and render an account of his proceedings in the guardianship is illegal and unprecedented.

EXECUTOR AND ADMINISTRATOR.—*Sale of Real Estate.*—*Incumbrances.*—When a court orders the sale of real estate by an executor or administrator, unless otherwise ordered by the court, he sells and conveys the land subject to all incumbrances.

From the Spencer Circuit Court.

*C. L. Wedding* and *R. G. Evans,* for appellants.

*L. Q. DeBruler* and *C. A. DeBruler,* for appellee.

DOWNEY, J.—The record in this case shows that James H. Martin died the owner of certain real estate; that the same was sold by the administrator of his estate, and purchased by the appellee.

Martin, the appellant, was the guardian of the children of the deceased. Without any notice to him, at the April term, 1874, the court ordered that he pay to the county treasurer the taxes on the land, sixty-five dollars and seventy-eight cents, take his receipt therefor, and file it as a voucher. At the August term, 1874, Beasley filed a written motion, representing that he had paid the purchase-money for the land; that at the time he purchased it, the land, there were delinquent taxes, state and county, on the land so bought by him, to the above amount; that he had obtained the said order at the former term, setting it out; that the guardian refused to pay the amount and had not done so; and praying that the guardian "be called upon by the court and required to comply with its order." Thereupon a citation issued against the guardian to appear in court *instanter*, to render an account of his proceedings in the guardianship. The guardian, thus hurried into court, made

an answer under oath, most of which was immaterial, but alleging, among other things, that the order was made in his absence and without any notice to him, and he had no opportunity to resist the same; denied that there was the amount of taxes mentioned due upon the said real estate; and that, as the sale was a judicial sale, the said Beasley took the land subject to the taxes.

The court, on this showing, made an order reciting the making of the first order; that the guardian had responded to the citation, denying the validity of the first order, and refusing to comply with the same; alleging that it appeared from the reports of the guardian theretofore made, that he had funds in his hands as such guardian with which to comply with the order, and requiring the guardian to comply with the order before twelve o'clock of the next Saturday (the day of the week on which this order was made does not appear), and in default of so doing that he be removed. The record recites that the guardian did not comply with the order within the time allowed him, and that he was accordingly removed, and his letters of guardianship set aside; and that he should forthwith account for and pay over to the clerk, or to his successor in the guardianship, all money or property in his hands, and that he pay the costs of the proceeding.

To all of these orders, except the first, the guardian excepted, and now alleges that they are erroneous.

The first order made by the court, without notice to the guardian, was void, and could not be a legal foundation for any subsequent proceedings. Guardians are not liable to be proceeded against in any such way. There is no law or practice authorizing this summary proceeding against a guardian, to compel him to pay debts claimed to be due from him or from his wards.

The subsequent order of the court, requiring the guardian to come into court *instanter*, and render an account, etc., was illegal and unprecedented. There were no circumstances shown to warrant any such unusual haste and apparent disregard of the rights of the guardian and his wards.

Nothing is shown to fix upon them any liability to pay the alleged delinquent taxes.

When the court orders the sale of real estate by an executor or administrator for the payment of liens thereon, the money may be so applied by the executor or administrator, under the direction of the court. 2 G. & H. 512, sec. 89. But when the land is sold subject to the liens, the purchaser must pay them himself. 2 G. & H. 512, sec. 89; *Foltz* v. *Peters*, 16 Ind. 244; *Clarke* v. *Henshaw*, 30 Ind. 144.

There is no warranty in such sales or in the conveyance usually made by an executor or administrator. Unless otherwise ordered by the court, they sell and convey the land subject to all incumbrances.

In our opinion, the whole proceeding, from the beginning, is erroneous, and all the orders made should be reversed.

The orders of the court are reversed, with costs, and the cause remanded, with instructions to dismiss the proceedings.