## Boaz v. McChesney.

| 53 | 193 |
| 128 | 364 |
| 53 | 193 |
| 139 | 170 |

VENDOR AND PURCHASER.—*Incumbrances.*— *Will.*—*Discretionary Power of Executor.*—It was provided by a will that the executor named therein, acting upon his best judgment, should sell the real estate of the testator, and convey the same by good and sufficient title to the purchaser. Said executor sold said real estate, without any contract as to incumbrances, and conveyed it by deed without covenant against incumbrances.

*Held,* that the fact that after said conveyance, taxes, in a certain amount, upon said real estate, being a lien thereon at the time of said sale and conveyance, were paid by the purchaser, to save the real estate from sale therefor, and to remove the incumbrance thereof, constituted no defence to an action against him for purchase-money.

From the Marion Superior Court.

*W. W. Woollen, Jr.,* for appellant.

*T. H. Bowles,* for appellee.

BIDDLE, J.—Suit on a promissory note, not negotiable by the law merchant, secured by mortgage, brought by the appellee against the appellant. The note was payable to the order of James M. Ray, executor of Jeremiah McChesney, deceased, endorsed by the payee to Sarah G. McChesney, and by her to G. G. McChesney, who endorsed it to the appellee. The answer to the complaint will sufficiently show the facts upon which the only question contested in. the case arises.

"Naomi J. Boaz, defendant, for answer to the complaint in the above entitled cause, says that on the 10th day of August, 1867, Jeremiah McChesney, then living, executed his last will and testament, a copy of which is herewith filed and marked exhibit 'A.' She further says that in said will the said Jeremiah McChesney appointed James M. Ray his sole executor, and provided that said executor, acting upon his best judgment, should sell the real and personal estate of said testator, either at public or private sale, with or without notice or appraisement, for cash or on credit, or both, and at such price as he should deem best, without any

application to any court for authority so to do, or any order, confirmation, or restriction therefrom, in relation thereto, and convey the same by good and sufficient title to said purchaser. She further says that, on the —— day of November, 1867, said Jeremiah McChesney departed this life and left surviving him his widow, Sarah G. McChesney, and his son, George G. McChesney, who are the endorsers of the note herein sued on, and his daughter, Mary J. McChesney, who is the plaintiff to this suit; that on the 9th day of May, 1868, his said will was duly admitted to probate, and that on the 10th day of August, 1868, the said James M. Ray was duly qualified as said executor and accepted of said trust. She further says that, on the 10th day of April, 1872, said Ray, as such executor, for and in consideration of the sum of six thousand dollars, sold and conveyed to this defendant the real estate in the conveyance described; a copy of said deed of conveyance is filed herewith and marked exhibit 'B.' She further says that it was the contract by and between said James M. Ray and this defendant, on said 10th day of April, 1872, that she should pay two thousand dollars in cash, in part payment of said purchase price of six thousand dollars, and execute her two certain notes for the sum of two thousand dollars each, for the balance thereof, payable in one and two years from that date; and that, in pursuance of said contract, this defendant did, on said 10th day of April, 1872, execute and deliver to him, said Ray, said notes, and paid him said sum of two thousand dollars in cash. She further says that said James M. Ray, executor, did not convey to this defendant a good and sufficient title to aid real estate, and that at the date of said conveyance it was not free and clear of incumbrance, but that, on the contrary, there was assessed against the same taxes for the year 1872, which were an incumbrance and charge against said decedent's estate. She further says that said James M. Ray, as executor of said estate, and Sarah G. McChesney, George G. McChesney, Mary J. McChesney, nor either of them, have ever paid said taxes, so assessed against said real estate, but

that, on the contrary, they allowed the same to become delinquent, and said real estate to be advertised for sale, to pay the same, and that this defendant, to save said real estate from such sale, and to remove said incumbrance, has paid the same, amounting to one hundred and fifteen dollars and ninety-six cents, as will more fully appear by copies of receipts herewith filed and marked exhibits 'C.' and 'D.' She further says that said second note, being the one herein sued on, was placed in the office of the Indiana Banking Company, in the city of Indianapolis, for collection, and that on the —— day of ——, 1874, at the counter of said bank, she tendered to the holder of said note the receipts of said county and city treasurers for said taxes, for the sum of one hundred and fifteen dollars and ninety-six cents and the sum of six hundred and seventy-two dollars and ninety-three cents, in cash, in payment of balance due on said note, and demanded cancellation and delivery of the same. She further says that said Sarah G., George G. and Mary J. McChesney are the legatees named in the will of said Jeremiah McChesney, deceased. She further says that she had no notice of the assignment of said note to said plaintiff before paying said taxes. Wherefore," etc.

The sufficiency of this answer to bar the action, raised by a demurrer for want of alleged facts, is the main question in the case, and the only one discussed by the parties in their briefs.

It is plain that the will cannot be construed as a contract between the devisor and the purchaser of the land to convey it with a covenant against incumbrances; there is no such contract between the executor and the purchaser alleged in the answer; and there is no such covenant contained in the deed accepted by the purchaser. We cannot perceive, therefore, upon what ground the answer can stand. It is true, the will empowers and directs the executor to sell any of the real or personal estate of the devisor, and convey the same, in his discretion, "by good and sufficient title." Conceding that these words, used in a contract between a ven-

dor and vendee of lands would obligate the vendor to convey with covenants of warranty against incumbrances, yet in this will they are merely words of discretionary power and authority. A power or authority to perform an act is not necessarily an obligation to perform it, much less is it the accomplished fact itself. The principle decided in *Martin* v. *Beasley*, 49 Ind. 280, is in point with this case. In that case, DOWNEY, J., in delivering the opinion of the court, says: "There is no warranty in such sales or in the conveyance usually made by an executor or administrator. Unless otherwise ordered by the court, they sell and convey the land subject to all incumbrances." The same principle supports the following cases:

*Foltz* v. *Peters*, 16 Ind. 244; *Clarke* v. *Henshaw*, 30 Ind. 144; and *Headrick* v. *Wisehart*, 41 Ind. 87.

There is no error in the record. The judgment is affirmed, with costs.