HENDERSON v. WHITINGER, ADM'R.

DECEDENTS' ESTATES.—*Administrator's Sale of Land.*—*Incumbrances.*—A purchaser of land sold at an administrator's sale takes the same subject to all liens thereon, except those for the payment of which it is sold.

SAME.—*Action for Purchase-Money.*—*Set-Off.*—*Taxes.*—In an action by an administrator, to recover the balance of purchase-money due upon land sold by him, belonging to his decedent's estate, the purchaser can not set off taxes paid by him, accrued against such land, prior to such sale but subsequent to the death of such decedent.

SAME.—*Taxes Accrued before Decedent's Death.*—Taxes accrued upon land during the lifetime of its owner should be paid by the administrator of his estate.

From the Madison Circuit Court.

*H. D. Thompson* and *W. R. Myers,* for appellant.

*J. W. Sansberry* and *E. B. Goodykoonts,* for appellee.

WORDEN, J.—Action by the appellee, against the appellant, upon a promissory note, executed by the defendant to the plaintiff, for a part of the purchase-money for certain real estate sold by the plaintiff, as such administrator, to the defendant. Judgment for the plaintiff.

The land, at the time of the sale, was encumbered with certain taxes, which the defendant was compelled to pay, in order to save the land; and the question presented is, whether the defendant can set off the taxes, thus paid by him, against his note for the purchase-money. It does not appear clearly whether the taxes accrued before or after the death of the intestate. But we infer that they accrued after the intestate's death. It is so stated in the brief of counsel for the appellee. If the taxes accrued before the death of the intestate, whereby they became a charge against him, which it became the duty of the administrator to pay, the fact should have been shown by the defendant; but, not being so shown, we assume that they accrued after the death of the intestate, and, of course, after the land had descended to his heirs, subject, however, to the right of the administrator to cause it to be sold for the payment of debts.

Where taxes have accrued upon the land of a person before his death, they become a personal charge against him, as well as a lien upon the property; and it seems to us that such taxes should be paid by the executor or administrator, because they are debts against the estate. But we are not aware of any statute which makes it the duty of an executor or administrator to pay taxes on land accruing after the death of the testator or intestate. The lands descend directly to the heir, who should pay the taxes accruing after the descent is cast. The administrator may sell the lands, but the purchaser takes them

subject to liens, unless they are sold to pay the liens, which does not appear in this case. *Martin* v. *Beasley*, 49 Ind. 280.

As it was not the duty of the administrator to pay the taxes in question, we are of opinion that the defendant could not avail himself of the payment thereof by him, by way of defence, in whole or in part, to the note in suit.

The judgment below is affirmed, with costs.