Sparrow v. Kelso.

Filed Jan. 3, 1884.

———————◆———————

No. 10,552.

## Sparrow v. Kelso.

Decedents' Estates.—*Duty of Administrator.*—*Rights of Widow.* — It is the duty of an administrator to pay off liens on real estate in preference to debts not preferred by statute, so that the widow's share of the real estate may go to her without encumbrance.

Same.— *Sale of Real Estate.*— *Failure of Administrator to Take Bond of Purchaser to Pay Liens.*—*Mortgage.*—*Complaint by Widow.*—After partition to the widow of her third of the real estate, the administrator, by order of court, sold the other two-thirds subject to liens, but took no bond from the purchaser to secure payment thereof. A mortgage given by the intestate upon all the land was afterwards foreclosed and the whole of it sold thereon. The estate was settled as insolvent.

*Held,* that the statute, 2 R. S. 1876, p. 528, imperatively required that a bond be taken to secure the payment of the liens, and for his neglect of this the administrator was liable to the widow for such injury as resulted to her.

*Held,* also, that a complaint by her therefor, which did not show that the whole real estate was of value greater than the mortgage lien, failed to disclose injury to her, and was, therefore, bad on demurrer.

From the Knox Circuit Court.

*C. M. Wetzel, H. S. Cauthorn* and *J. M. Boyle,* for appellant.
*W. H. De Wolf, S. N. Chambers, G. G. Reily, W. C. John-son* and *W. C. Niblack,* for appellee.

ELLIOTT, J.—The appellant's complaint alleges that she is the widow of Nelson Sparrow, deceased; that he died the owner of real estate, which is described; that appellee was the administrator of her deceased husband's estate; that the appellant, as administrator, filed a petition for partition and obtained a decree making partition; that after partition was decreed he obtained an order for the sale of the land not allotted to her, and pursuant to the order sold the land subject to the liens thereon; that afterwards the decedent's estate was, in accordance with the order of the court, settled as an insolvent estate, and thereafter the administrator filed his final account, and an order was made finally settling the estate and discharging the administrator. It is also alleged that the deceased in his lifetime executed a mortgage on all of the real estate of which he was the owner, and in this mortgage the appellant joined, and that this mortgage was unsatisfied when the administrator sold the real estate. It is charged that the administrator did not take a bond when he sold the property, nor at any time, for the payment of the lien; that the purchaser refused to pay it; that all of said land was sold to satisfy the mortgage and was bid in by George G. Reily, the person to whom the administrator had sold that part which was allotted to the heirs in the partition suit. The prayer of the complaint is that the final settlement may be set aside.

In *Perry* v. *Borton,* 25 Ind. 274, it was held that the widow's rights are paramount, and that the administrator must apply all money, not required for the payment of claims expressly preferred by statute, to the payment of mortgage liens, in order that the widow may receive her one-third of the real estate free from incumbrance. According to the doctrine of that case, neither the heirs nor the general creditors possess

any claim which will be allowed to reduce the widow's interest. The same doctrine is asserted in *Hunsucker* v. *Smith*, 49 Ind. 114, where it was said: " It is his duty as administrator of the estate, and she" (the widow) "has a right to require him, to make his claim out of other assets, personal 'and real, if he can do so after the payment of such expenses above named as have preference, and thereby save to her the third of the land to which she would be entitled except for the mortgage." The cases of *State, ex rel.,* v. *Mason,* 21 Ind. 171; *Clarke* v. *Henshaw,* 30 Ind. 144; *Newcomer* v. *Wallace,* 30 Ind. 216, are referred to as declaring the same general principle. It must, therefore, be held that it is the duty of an administrator to apply all money, not needed to pay claims expressly preferred by the statute, to the payment of liens on real estate so as to secure to the widow one-third of the real estate given her by our statute. There are other cases sustaining the principle which we declare to have a firm place in our law of property. *Morgan* v. *Sackett,* 57 Ind. 580; *Medsker* v. *Parker,* 70 Ind. 509; *Haggerty* v. *Byrne,* 75 Ind. 499; *Leary* v. *Shaffer,* 79 Ind. 567.

The conclusion from the general principle we have stated necessarily is, that a widow has a right to require the administrator of her husband's estate to take all steps required by law to secure her interest in her share of her husband's estate. We are carried to the enquiry, is it a breach of duty of which the widow may complain, for the administrator to neglect to take a bond of the purchaser of real estate sold for the payment of debts, conditioned for the payment of liens? If the duty to take a bond to secure the payment of liens is an imperative one, then there can be little doubt that the administrator must perform it, and that a failure in this particular would be a breach of duty. It would, it is clear, be a breach of which the widow could justly complain in cases where it injuriously affected her interests.

The question which next presents itself is, did the statute in force in 1878 imperatively require the administrator to de-

mand a bond of the purchaser? That statute reads thus: "Whenever any executor or administrator shall sell any lands, or interest therein, subject to any lien or charge thereon, * * * * such executor or administrator may take a bond of the purchaser thereof, with sufficient sureties, conditioned that such purchaser will make all payments and indemnify the said executors and administrators, and all persons interested in the estate of the deceased against all liabilities of the deceased, on account of such land." 2 R. S. 1876, p. 528.

It is a familiar rule that the word "may," when used in a statute, shall be construed to mean *shall*, whenever it enjoins a duty in which the public or third persons have an interest. *City of Indianapolis* v. *McAvoy*, 86 Ind. 587. In the statute under immediate mention, the word "may" must, by force of this rule, be deemed imperative, and not permissive.

The statute, therefore, imposes upon the administrator an imperative duty, and for a breach of this duty he is amenable to all who have an interest in the estate. It is clear that the widow has an interest; indeed, it is difficult to perceive how any one can have a more direct interest than she, for the law requires that she shall be protected as far as the proceeds of the sale of land and of personal property will go, subject only to the provision making classes of preferred claims.

The investigation is thus narrowed to the question whether the facts stated in the complaint bring the particular case within these general rules. In our opinion the answer must be that they do not. The reason for this conclusion is that it does not appear that the appellant suffered any injury. The land may not have been worth anything more than the lien, and, if so, then the appellant would have had no interest to protect. Having joined in the mortgage, she owned a mere equity of redemption. *Kissel* v. *Eaton*, 64 Ind. 248; *Vermillion* v. *Nelson*, 87 Ind. 194. There is no averment that the land was of any greater value than the lien, and as the appellant held subject to this lien, she could not be injured unless the land would bring more than enough to discharge it. If,

in other words, the lien equalled the value of the land, then the widow's equity of redemption was valueless.

It is important to keep in mind the fact that the appellant shows a severance of the interests by partition, and that the administrator sold only that part which was allotted to the heirs, and, therefore, the only land which the purchaser at the administrator's sale bought subject to the lien was that in which the appellant had no interest. Upon the face of the complaint she shows no interest which has been injuriously affected by the proceedings of the administrator.

Judgment affirmed.

