The State, *ex rel.* Sparrow, *v.* Kelso *et al.*

No. 10,553.

THE STATE, EX REL. SPARROW, *v.* KELSO ET AL..

| 94 | 587 |
|----|-----|
| 128 | 364 |

| 94 | 587 |
|----|-----|
| 148 | 289 |
| 148 | 291 |

| 94 | 587 |
|----|-----|
| 167 | 273 |

DECEDENTS' ESTATES.—*Sale of Land to Pay Debts.*—*Liens Assumed by Purchaser.*—*Failure to Pay.*—*Right of Widow on Foreclosure Against Her.*—Where an administrator, to pay his decedent's debts, sells two-thirds of a tract of land encumbered by a mortgage executed by the decedent and his wife, and the purchaser, as part of the purchase price, assumes the payment of such mortgage, the widow may maintain an action against such purchaser upon the sale of her third under a foreclosure of said mortgage, whether his promise was verbal or in writing, and whether he had executed to the administrator a bond to pay such mortgage or not.

SAME. — *Widow's Action Against Administrator.* — *Complaint.* — *Insolvency of Purchaser.*—The widow may likewise, even after final settlement of the estate, maintain an action .in such case, against the administrator, on his bond, but, unless her complaint allege the insolvency of such purchaser, it is insufficient.

SAME.— *Widow's Right, Where Administrator Misapplies Funds.*—She can not, however, while such final settlement stands unrevoked, maintain such action against the administrator for his wrongful act in applying the proceeds of such two-thirds to the payment of other debts and allowing such mortgage to continue a lien upon her third.

From the Knox Circuit Court.

*C. M. Wetzel, H. S. Cauthorn* and *J. M. Boyle,* for appellant.

*G. G. Reily, W. H. De Wolf* and *S. N. Chambers,* for appellees.

HAMMOND, J.—Action upon a bond executed by an administrator and his sureties for the purpose of selling real estate to pay the decedent's debts.

The case made by the complaint is this: The relatrix is the widow of Nelson Sparrow, who died, testate, in 1877. She elected to take under the law. The decedent's real estate at the time of his death was encumbered by taxes and by a mortgage executed by him and his wife, the relatrix. The appellee Jerome T. Kelso was appointed and qualified as administrator with the will annexed. No personal property came to his hands except what was taken by

the widow.   He obtained partition of the real estate with the view of selling to make assets to pay debts.   The relatrix's portion of the real estate, as widow, was set off to her in severalty.   The residue of the land was appraised and sold by the administrator, under an order of court, subject to the liens.   The bond in suit was executed in the proceedings to sell.   The estate was afterward settled as insolvent.   The administrator's final report was presented to, and approved by, the court, and he was discharged from further responsibility.   Breaches of the conditions of the bond are assigned:

1.  That the administrator failed to take from the purchaser of the real estate a bond to secure the payment of the liens; that the purchaser refuses to pay such liens; that the mortgage has been foreclosed, and the land sold under the foreclosure at sheriff's sale.

2.  That the administrator, instead of using the money received from the sale of the land to discharge the liens upon the real estate assigned to the widow, applied the same to the payment of general debts of the estate.

To each of these breaches of the bond so assigned, the appellees demurred for the want of facts.   The demurrer was sustained.   The appellant excepted, and, not amending, judgment was rendered in favor of the appellees for costs.   The ruling on the demurrer is assigned for error.

The assumption of payment of liens, as part of the purchase-money, by a grantee, need not be in writing.   Where a conveyance is made subject to liens, the amount of which is allowed to the purchaser by a deduction from the price of the land, the grantee thereby became bound for the payment of the encumbrances.   Suit may be maintained on the contract by the grantor or the lien holders in whose favor the payments were to be made.   *McMahan* v. *Stewart,* 23 Ind. 590; *Helms* v. *Kearns,* 40 Ind. 124; *McDill* v. *Gunn,* 43 Ind. 315; *Campbell* v. *Patterson,* 58 Ind. 66; *Carter* v. *Zenblin,* 68 Ind. 486; *Rodenbarger* v. *Bramblett,* 78 Ind. 213.

Section 89 of the decedents' act of 1852, similar to section 2350, R. S. 1881, provided that an executor or administrator, in selling real estate subject to liens, should take a bond from the purchaser to secure their payment. One who purchases real estate. at an executor's or administrator's sale, subject to liens, the amount of which is deducted from the purchase price, assumes the payment of such liens whether it is so stated in his deed, or whether a bond is taken from him therefor, or not. His agreement to pay the liens, though not in writing, is enforceable under the authorities above cited. It is the duty of the administrator to pay off encumbrances out of the personalty or by the sale of two-thirds of the land, so as to free the widow's interest from liens created in the lifetime of her husband. *State, ex rel.,* v. *Mason,* 21 Ind. 171; *Perry* v. *Borton,* 25 Ind. 274; *Clarke* v. *Henshaw,* 30 Ind. 144; *Newcomer* v. *Wallace,* 30 Ind. 216; *Hunsucker* v. *Smith,* 49 Ind. 114. No doubt, as appears to have been the case in the present instance, where real estate assigned to the widow is encumbered by a mortgage, also covering land subject to sale by the administrator, such land may be appraised and conveyed subject to the whole amount of the mortgage. In such case the failure of the purchaser to discharge the mortgage gives the widow a right of action against him. His omission to give the administrator a bond to secure the payment of the mortgage would not affect her right of action. The failure of the administrator to take a bond in such case would make him liable for any damage thereby occasioned. But the appellant's complaint fails to show any such damage. The insolvency of the purchaser is not averred, nor any fact alleged from which it may be presumed that the relatrix has not a complete remedy against him. In an action against an administrator for failure to take a bond from one who purchases real estate subject to liens, it must appear that the party complaining has suffered damage by such failure. *Sparrow* v. *Kelso,* 92 Ind. 514.

As to the second alleged breach of the condition of the administrator's bond, we think his final report, until set aside for mistake or fraud, is a complete bar to an action for such breach. *Barnes* v. *Bartlett*, 47 Ind. 98; *Holland* v. *State, ex rel.*, 48 Ind. 391; *Peacocke* v. *Leffler*, 74 Ind. 327. The appellant's cause of action, if the complaint was good in that respect, for the administrator's failure to take a bond from the purchaser of the land to pay liens, would probably not be barred by the final report, as the action in that respect would not involve the correctness of such report. But an action against the administrator on the second ground of complaint, for using money in paying general debts against the estate which should have been applied to discharging liens, does involve the correctness of the final settlement, and can not be maintained until the final settlement of the estate is set aside for fraud or mistake within the time limited by statute.

Our conclusion is that the trial court did not err in sustaining the demurrer to each assignment of the breaches of the conditions of the bond. Affirmed, with costs.

Filed March 28, 1884.