Massey v. Jerauld.

Filed April 10, 1885.

———◆———

No. 12,231.

MASSEY v. JERAULD.

DECEDENTS' ESTATES.—*Sale of Lands.—Liens.*—Where, upon an order of court generally to sell lands to make assets for the payment of debts, there is a sale, the purchaser takes title subject to all liens, though he did not give the bond required by statute, R. S. 1881, section 2350, conditioned for their payment.

From the Gibson Circuit Court.

*C. A. Buskirk,* for appellant.
*T. R. Paxton,* for appellee.

FRANKLIN, C.—Appellee held a judgment against one King, who died the owner of certain real estate. Letters of administration were duly issued upon King's estate, under which the administrator sold the deceased's interest in the real estate for the payment of his debts, at which sale the appellant became the purchaser, paid the purchase-money and received a deed from the administrator for the land, subject to the widow's interest. The estate was insolvent, and paid no part of appellee's judgment.

Appellee commenced this suit to have the land declared subject to the lien of his judgment, and sold for the payment thereof.

Appellant answered by a denial and a special paragraph. Appellee replied to the special paragraph by a denial. There was a trial by the court, finding for the plaintiff, and over a motion by the defendant for a new trial, judgment was rendered for appellee.

The only specification of error insisted upon by appellant in his brief is the overruling of his motion for a new trial. The reasons stated for a new trial are, that the finding is contrary to law, and not supported by sufficient evidence. The proceedings to sell the land were had in 1882.

Real estate encumbered by liens may be sold by an administrator in one of two ways: 1st. Subject to the liens; and, 2d. To discharge the liens. In the latter case the purchaser will take and hold the lands freed from the liens. This has long been the statutory law of Indiana. See R. S. 1843, p. 532, section 251; 2 R. S. 1852, p. 264, section 89; 2 R. S. 1876, p. 528, and R. S. 1881, section 2350.

Section 2337, R. S. 1881, in relation to the duties of an administrator in the sale of real estate, provides: "Before filing such petition, he shall carefully examine the offices of the clerk, auditor, treasurer, and recorder in each county in

which real estate of the deceased may be situate, and ascertain the exact character and extent of each lien thereon created or suffered by the deceased in his lifetime, and remaining unsatisfied of record."

The 2338th section, among other things, provides: "The holder of every lien on the real estate which the executor or administrator shall have reason to deem invalid or discharged, in whole or in part (except taxes and judgments and mortgages in favor of the State of Indiana), shall be made defendants to every such petition; and may be proceeded against by the name or style by which he or they may be designated in the record or instrument constituting such lien. Any person claiming an interest in or lien upon any of the real estate, may also be made a defendant." The petition shall also set forth "the particulars of each lien, whether general or special, including taxes accrued at the death of the decedent, and judgments and mortgages, due or owing to the State, upon all or any of the decedent's real estate, appearing and remaining unsatisfied of record; with the amount and date of lien and names of the holders, as the same appear of record."

The 2346th section, among other things, provides: "If it be shown on the hearing that the real estate, or any portion thereof, is encumbered by liens, the court shall, in its finding, fix the amount and extent of each lien and the priorities of the several liens. If any debt secured by lien be not due, the court shall fix the amount thereof at its present worth, rebating interest for the unexpired time, unless the real estate be sold subject to the lien."

The 2350th section provides: "If the real estate, or any part thereof, ordered to be sold, shall be encumbered with liens, the court shall, in the order of sale, direct the sale of the real estate to discharge all or any of the liens or subject to all or any of the liens thereon. If sale be made to discharge such liens, the purchaser shall take and hold the real estate freed from such lien, and the lien shall attach to the fund arising from the sale. If the sale be made subject to

such lien, the purchaser shall execute his bond, payable to such executor or administrator, with penalty and surety to the acceptance of the latter, conditioned that he will pay and discharge the lien, and hold the executor or administrator, and all others interested in the estate, harmless from all damages by reason of such lien and the claims secured thereby. ·Upon confirmation of such sale, and assignment by the executor or administrator of such bond, without recourse, to the holder of the lien, the estate shall be discharged from the payment of the debt secured by such lien."

According to the foregoing provisions of the statute, the administrator must sell the real estate either subject to the liens, or freed from them by being sold in discharge thereof; and in the latter case the holder of the liens is remitted to the proceeds of the sale.

In the case of *Martin* v. *Beasley*, 49 Ind. 280, it is said: ·" When the court orders the sale of real estate by an executor or administrator for the payment of liens thereon, the money may be so applied by the executor or administrator, under the direction of the court. But when the land is sold subject to the liens, the purchaser must pay them himself. There is no warranty in such sales or in the conveyance usually made by an executor or administrator. Unless otherwise ordered by the court, they sell and convey the land subject to all incumbrances." This language is approvingly quoted in the case of *Boaz* v. *McChesney*, 53 Ind. 193, and is supported by the following cases: *Foltz* v. *Peters*, 16 Ind. 244; *Clarke* v. *Henshaw*, 30 Ind. 144; *State, ex rel.*, v. *Kelso*, 94 Ind. 587.

In the case of *Henderson* v. *Whitinger*, 56 Ind. 131, it is said: "The administrator may sell the lands, but the purchaser takes them subject to liens, unless they are sold to pay the liens, which does not appear in this case."

In order then to determine the only question in this case, we must look to the order of the court under which the ad-

ministrator sold the land. Unless the sale pursuant to this order divests the lien of appellee's judgment, the effect of the administrator's deed is simply to quitclaim to the purchaser the decedent's interest in the land. The notice for the petition stated that the land was to be sold " to make assets for the payment of the debts and liabilities of said estate." The petition alleged that the land was subject to liens for taxes, a mortgage, and a judgment in favor of one Kendle, and simply asked an order to sell.

The court on the hearing found that " the land was liable to be sold to make assets for the payment of the debts of said estate; " that it was subject to the lien of a mortgage in favor of one Woods for $419.30, of a judgment in favor of Kendle for $50, and of taxes for $16.67. And the court decreed that the administrator sell the land and report his doings therein to the court.

Appellee was not made a party to the proceedings to sell; nor was he or his judgment named or referred to in all of said proceedings. The land was sold for the payment of the debts generally, subject to the liens named. The deed is nothing more than a quitclaim deed, and the land remained subject to all the then existing liens. It was not sold to discharge the liens in the order of their priority, and thereby free the lands from all encumbrances; but the purchaser bought it subject to whatever liens were then upon it. The fact that the administrator took no bond from the purchaser to pay off the liens can not divest the liens or affect their validity. *Sparrow* v. *Kelso*, 92 Ind. 514, and *State, ex rel.,* v. *Kelso, supra.*

The finding of the court is supported by the evidence, and is not contrary to law. There was no error in overruling the motion for a new trial. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed April 4, 1885.