No. 13,625.

## ELDER v. ROBBINS.

VOLUNTARY ASSIGNMENT.—*Assignee's Sale.*—*Rights of Wife.*—A debtor for the benefit of his creditors assigned three tracts of land owned by him, A, B and C. A was appraised at $8,800, and B at $4,995. Tract A, at the time of the assignment, was mortgaged for $4,000, in which mortgage the assignor's wife joined. Upon tract B was a mortgage for $5,736. The assignee, authorized by court, sold tract B for $4,995, the assignor and his wife executing a deed to the purchaser, who, as mortgagee, released the amount of the debt remaining after applying the purchase-money in payment. The order of sale provided that in executing such deed the wife " should not thereby waive any of her rights or interest in her husband's real estate at the date of such assignment." All of the mortgage debts were the individual debts of the husband. Tract A having been sold for $8,800, the assignee paid to the wife one-third of that amount. The wife claims that she is entitled to receive one-fourth of the aggregate amount of both sales, less the one-third already paid.

*Held*, that she has been paid all she is legally entitled to.

From the Decatur Circuit Court.

*W. A. Moon* and *J. O. Marshall*, for appellant.

*J. D. Miller* and *F. E. Gavin*, for appellee.

ELLIOTT, J.—The appellee is the assignee, under the voluntary assignment law, of James Elder, and the appellant is the wife of the assignor. The assignor was the owner of three tracts of land at the time of the assignment, one of which, for convenience, may be designated as tract A, the other as tract B, and the third as tract C. Parcel A was appraised at $8,800, parcel B at $4,995, and parcel C at $400. Tract A was, at the time of the assignment, mortgaged for $4,000, in which mortgage the appellant joined. Tract B was encumbered by a mortgages for $5,736. The assignee under authority of an order of the court sold tract B for $4,995, that being the full value of the land, and the appellant and her husband executed a deed to James Hart, the

purchaser. Hart, as mortgagee, released the amount of the debt remaining after applying the purchase-money in payment. It was provided in the order of sale that in executing such deed Mrs. Elder " should not thereby waive any of her rights or interest in her husband's real estate at the date of such assignment." All of the mortgage debts were the individual debts of the husband. Parcel A was sold to John E. Robbins for $8,800. The assignee has paid to the appellant $2,933.33, being one-third in value of parcel A, and refuses to pay her any further sum. The appellee claims that she is entitled to receive one-fourth of the aggregate amount of both of the said sales, being $3,448.33, less the amount paid her of $2,933.33.

We can not perceive any ground upon which this action can be maintained. There is no promise on the part of the appellee to pay the appellant any sum whatever, nor is there any provision in the order of sale that he shall do so. The provision in the order does not direct the payment of any money to her, it simply provides that in executing the deed to Hart she shall not be deemed to waive any of her rights. She can by no possibility be entitled to any greater right under that order than such as the law gives her as the debtor's wife.

She has been paid all—and, indeed, as the complaint exhibits the facts, it would seem more—than she was entitled to under the law, for if she was a mortgagor the land was liable and her right was to redeem. But, however this may be, she got all that she was entitled to receive from the avails of the sale to Robbins.

It is no doubt true that upon the assignee's sale the interest of the wife became absolute and vested. *Lawson* v. *De Bolt*, 78 Ind. 563. But the interest of the wife was encumbered by a mortgage, and she could not assert a right, in any event, to any sum except such as remained after paying the mortgage debt, and the parcel bought by Hart did not bring enough by a considerable sum to discharge that debt.

Elder *v.* Robbins.

It is true that parcel A did bring more than enough to pay the encumbrance on it, but as Mrs. Elder received one-third of the avails she certainly can not complain.

It is probably true that the wife in the proper case may compel resort to other property before sale of her interest, or have an order to first offer the husband's interest for sale, but we have no such case here. It does not appear that the husband had any other property than that covered by the mortgages, nor does it appear that the assignee had any money of the debtor, nor any of his property except that covered by the mortgages, and the mortgagees had, therefore, a right to the entire sum realized. It does appear that the property sold to Hart was much less in value than the amount of the mortgage debt, so that there is no surplus in which the wife can have an equity. *Sparrow* v. *Kelso*, 92 Ind. 514.

There is, on the facts before us, no imperative duty resting on the assignee to pay off mortgage liens, and if there is no duty there can be no liability. Whether there may be cases in which it would be the duty of the assignee, in order to protect the wife, to pay off mortgages, we need not inquire; it is enough to say that this is not such a case.

Judgment affirmed.

Filed Feb. 19, 1890.