# SUPREME COURT OF JUDICATURE

<small>OF THE</small>

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1891, IN THE SEVENTY-FIFTH
YEAR OF THE STATE.

---

No. 15,005.

## CRUM, ADMINISTRATOR, v. MEEKS.

DECEDENTS' ESTATES.—*Sale of Land by Administrator.—Mortgagee not Party to Proceeding.—Lien not Divested.*—To divest the lien of a mortgage by an administrator's sale of land, the mortgagee must be made a party to the proceeding, and the court must order the sale of the land to discharge the lien. Where the mortgagee was not a party to the proceeding to sell, and the court did not order a sale to pay his mortgage, the lien of the mortgage was not divested, and the purchaser took the land subject to such lien, notwithstanding the administrator's assurance to the contrary.

SAME.—*Final Settlement.— When May be Set Aside —Summons.*—Under section 2403, R. S. 1881, any person interested in an estate which has been finally settled, if he was not personally served with summons, and did not appear at the hearing of such final settlement, may have the same set aside if it affects him adversely, for any of the causes therein specified.

SAME.—*Final Settlement.—Action by Creditor to Set Aside.—Estoppel.*—When a creditor of a decedent seeks to set aside the final settlement of the administrator, on the ground that the administrator misappropriated the

(360)

Crum, Administrator, *v.* Meeks.

funds arising from the sale of certain real estate, he is not estopped from so doing because formerly he had brought a suit, in which he was defeated, to set aside the sale of the land, alleging as a reason therefor that the land sold too cheap. Neither is he estopped because he failed to object to certain acts and declarations of the administrator, it not appearing that he knew his rights, or that his failure to object in any degree influenced the conduct of the administrator, or that the administrator did not know all the facts as fully as he did.

From the Wells Circuit Court.

*L. Mock* and *A. Simmons,* for appellant.

*E. R. Wilson* and *J. J. Todd,* for appellee.

COFFEY, C. J.—David Taylor died intestate in Wells county in the year 1882, seized in fee of certain land upon which one McKee held a mortgage to secure the sum of eight hundred dollars, which was the only lien thereon. The appellant was duly appointed administrator of Taylor's estate, and the personal assets being insufficient to pay the debts, he filed a petition alleging that fact, and asking that the widow's interest in the land be set off to her in severalty, in order that he might sell the remaining two-thirds. Commissioners were appointed to make partition, and reported that the land could not be divided without injury to the owners; whereupon the court entered an order that the appellant, as administrator, should sell the land as a whole, and, after paying one-third to the grantee of the widow, that he should apply the remainder to the payment of the debts due from the estate. The land was accordingly appraised and sold, and the proceeds passed into the hands of the appellant. No mention was made of the McKee mortgage either in the petition or order of sale, nor was McKee made a party to the proceeding. At the time of the sale, which was at public auction, the appellant publicly announced that the McKee mortgage would be paid out of the proceeds of the sale, and that the purchaser would take the land freed from the lien of such mortgage. The land sold for its full value, the purchaser taking the same with the understanding and agreement that

the mortgage should be paid out of the proceeds of the sale. The appellant, pursuant to such agreement, paid the McKee mortgage in full, and failed to pay the appellee's claim in full on account of the insolvency of the estate. A final settlement sheet was filed by the appellant, notice given by publication and posting notices, and the final settlement approved, and the appellant, as administrator, discharged.

No summons was served upon the appellee, and he did not appear at the final settlement.

He prosecuted this action in the court below to set aside the final settlement, and succeeded. This appeal is prosecuted from the judgment setting aside such final settlement, the appellant contending :

*First.* That no sufficient facts are shown to authorize the setting aside of the final settlement.

*Second.* That he had the legal right to pay the McKee mortgage in full.

*Third.* That the appellee is estopped from attacking and setting aside the final settlement on account of his conduct prior thereto.

Under the first contention it is claimed that there is no law in this State authorizing the issuing and service of a summons upon a creditor in case of a final settlement, and that a creditor, failing to appear in response to publication and posting notices, is precluded by the order discharging the administrator.

Section 2395, R. S. 1881, provided that if a final settlement account was filed after the expiration of the year, notice should be given to the creditors of the deceased of the time set for the hearing of the same. If any matter was exhibited in the account necessary to be answered, or specially to be determined by the court, it required the parties to be affected thereby to be personally summoned to attend the hearing of such account, and show cause why the same should not be approved.

Section 2403 provides that when any final settlement has

been made, and the administrator or executor discharged, any person interested in the estate not appearing at the final settlement, nor personally summoned to attend the same, may have such settlement, or so much thereof as affects him adversely, set aside at any time within three years for illegality, mistake, or fraud. .

By an act approved March 7, 1883 (Acts 1883, p. 161), section 2395 was amended so as to omit therefrom the provision relating to serving a summons personally, and it is argued by the appellant that there is now no statute authorizing an administrator to sue out a summons upon filing his final settlement, and by reason of that fact the provisions of section 2403 in relation to such service are not operative.

We can not give our assent to this position. The repeal of statutes by implication is not favored, and a statute will not be held to be so repealed unless there is a clear conflict.

There is no conflict between section 2403 and the amended section 2395, and therefore the latter does not repeal the former. Section 2403 is not affected by the act approved March 7, 1883, and is still in force. It is too plain and unambiguous to require construction, and under its terms any person interested in an estate which has been finally settled, if he was not personally served with summons and did not appear at the hearing of such final settlement, may have the same set aside if it affects him adversely, for any of the causes therein specified. *Pollard* v. *Barkley*, 117 Ind. 40.

The second question presented for our consideration seems to be settled by the decisions of this court. In the case of *Massey* v. *Jerauld*, 101 Ind. 270, it was said : " Real estate encumbered by liens may be sold by an administrator in one of two ways: 1st. Subject to the liens; and, 2d. To discharge the liens. In the latter case the purchaser will take and hold the lands freed from the liens." In *Martin* v. *Beasley*, 49 Ind. 280, it is said, " Unless otherwise ordered by

the court, they (administrators) sell and convey the land subject to all encumbrances."

To divest the lien of a mortgage by an administrator's sale of land the mortgagee must be made a party to the proceeding, and the court must order the sale of the land to discharge the lien. In such case the lien is divested, and follows the proceeds of the sale. *Martin* v. *Beasley, supra; Boaz* v. *McChesney,* 53 Ind. 193 ; *Foltz* v. *Peters,* 16 Ind. 244 ; *Clarke* v. *Henshaw,* 30 Ind. 144 ; *State, ex rel.,* v. *Kelso,* 94 Ind. 587 ; *Henderson* v. *Whitinger,* 56 Ind. 131 ; *Moody* v. *Shaw,* 85 Ind. 88 ; *Brown* v. *Forst,* 95 Ind. 248.

In this case McKee, the mortgagee, was not a party to the proceeding to sell, nor did the court order a sale to pay his mortgage. It is plain, therefore, that the lien of the McKee mortgage was not divested, and that the purchaser took the land subject to such lien, notwithstanding the administrator's assurance to the contrary.

The question as to whether the land was sold subject to the lien of the mortgage or freed therefrom must be determined by the record, and not by the declarations of the administrator. *Massey* v. *Jerauld, supra.*

As the land of the deceased was sold subject to the McKee mortgage the appellant had no authority to pay such mortgage debt in full to the injury of the appellee. Such payment was illegal, and a final settlement giving credit for the amount thus paid was illegal, and was properly set aside.

We do not think the matter relied on by the appellant constitutes an estoppel. The only affirmative matter alleged against the appellee is that he brought a suit to set aside the sale of the land, alleging as a reason therefor that the land sold too cheap. In this action he was defeated.

We are not able to see any connection between the matters involved in that suit and the controversy here. In this case the appellee proceeds upon the theory that the sale of the land was legal, but alleges that the appellant misappropriated the funds arising from such sale.

The other matters relied on as constituting an estoppel consist of the failure of the appellee to make objections to certain acts and declarations of the appellant, but it does not appear that the appellee knew his rights, or that his failure to object in any degree influenced the conduct of the appellant; nor does it appear that the appellant did not know all the facts as fully as the appellee. In such case there *is* no estoppel. *Hosford* v. *Johnson,* 74 Ind. 479.

There is no error in the record.

Judgment affirmed.

