No. 16,854.

## BEACH ET AL. *v.* BELL ET AL.

LIEN.— *On Lands of Decedent.— When May be Enforced After Final Settlement.— Contribution.*—Where a person holds a specific lien on real estate of a decedent, as for contribution for money paid by a co-surety, he can either file his claim therefor against the decedent's estate, or he may enforce such lien against the land after final settlement of the estate, for liens continue against real estate unless discharged by decree or payment.

From the Vigo Superior Court.

*B. V. Marshall, J. Jump, J. E. Lamb* and *J. C. Davis,* for appellant.

*R. B. Stimson, S. C. Stimson, A. M. Higgins* and *F. A. McNutt,* for appellees.

HACKNEY, J.—In 1882 a judgment was obtained in the lower court against one Rogers, as principal, and the appellees, or those whom they represent, and others, including Ebenezer C. Edmunds, as sureties. In 1885 the appellees paid said judgment upon execution, and the sums paid by them severally were entered as credits upon the docket of said judgment. In 1890 said Edmunds died intestate at the county of Vigo seized of certain real estate in said county, and upon administration said real estate was sold to the appellant, Harriet G. Beach, by order of court and for the payment of the debts of the estate of said Edmunds. The appellees were not parties to the proceedings for the sale of said real estate, and they filed no claims against said estate for contribution, but relying upon a supposed lien upon said real estate, in their behalf, for the sum which said Edmunds should have contributed to the payment of said judgment, the appellees instituted this suit, after the settlement of the estate of said Edmunds, and claimed a lien upon said

real estate for the sum claimed, as a contribution from Edmunds.

In the lower court a demurrer to the complaint was overruled, and the appellants declining to plead further there was a finding and decree in favor of the appellees. In this court the only error assigned is in said ruling on the complaint.

The appellants contend that the failure of the appellees to file their claim against the estate of Edmunds resulted in a loss of all remedy, and they cite, as supporting them, sections 2465, 2466, 2467, 2468 and 2469, R. S. 1894 (Elliott's Supp. 385; R. S. 1881, sections 2311, 2312, 2313 and 2314). These sections forbid that actions may be brought by complaint and summons against an estate, and require that a succinct statement of any claim shall be verified and filed, and "if the claim be secured by a lien * * * such lien shall be particularly set forth in such statement, and a reference given" to the record of the lien; "if not filed at least thirty days before final settlement of the estate, it shall be barred." If the claim is upon any joint, or joint and several, contract, or upon any joint judgment founded thereon, the same may be enforced against the estate only by filing the claim in the manner above indicated, and every such claim shall, as to such estate, be deemed joint and several. If the decedent is a surety in any such contract, or in a judgment thereon, the estate shall not be liable unless it be shown that the principal is a nonresident or is insolvent. And if the decedent is a co-surety in any such contract or judgment, the estate shall only be liable for the proportional part of the debt according to the number of solvent resident sureties.

If these provisions are construed to require any such claim as may be secured by lien to be filed, and to participate in the personal assets of the estate, or that not

only the right to participate in such assets is barred, but that the lien also is lost, we observe no escape from the conclusions that the appellees had no cause of action.

The appellees argue that these provisions must be considered in connection with section 387, Elliott's Supp., 2484, R. S. 1894, denying the right to foreclose liens upon the realty of a decedent during the year of administration, with section 2338, R. S. 1881, 2491, R. S. 1894, directing administrator's proceeding to sell real estate to pay debts of the estates, to examine the records for liens and to make lienholders parties to such proceedings, and with section 2350, R. S. 1881, 2505, R. S. 1894, requiring the court to order such sales to be made either freed from liens or subject to liens.

We have no doubt that such construction should be given to all of the provisions of the statute as to avoid inconsistency and create a complete and harmonious system of procedure with reference to claims against decedents' estates, both where such claims are secured by liens upon real estate and where they are not so secured. Under all of the provisions cited, there is every reason for holding that a mortgage lien must be filed within the year of administration, or that a judgment lien shall be so filed or be barred, as there is for holding that the lien in this case should have been so filed. If the claim which is secured by the lien is to participate in the personal assets of the estate, there is little room for doubt that it must be filed against the estate before settlement, or be barred, but we find no good purpose nor expressed or implied intention, in any of the statutory provisions cited, to deprive one of his mortgage, judgment, or other lien on specific real estate where he does not care to pursue the personal assets of the estate and participate with general creditors.

Real estate does not go to the administrator, but is

taken by the heirs or devisees subject to the payment of the debts of the estate only when the personalty is insufficient to pay such debts. The heirs or devisees do not take the property free from liens where the lienholder fails to file his claim against the estate, nor do they take it subject to any personal liability.

It has frequently been held that the purchaser of lands sold for the payment of the debts of a decedent takes them subject to liens. *Crum, Admr.,* v. *Meeks,* 128 Ind. 360; *Massey* v. *Jerauld,* 101 Ind. 270; *Henderson* v. *Whitinger,* 56 Ind. 131; *Boaz* v. *McChesney,* 53 Ind. 193.

This proposition is conceded by the appellants, but the effort is made to distinguish between it and the case in hand by indulging the presumption that in the cases cited the claims upon which the liens were based had been filed against the estate. This presumption is not warranted by the cases, and the distinction can not rest upon such presumption if warranted. The true solution of the question must rest upon a requirement that claims must be filed to participate in the personal assets, but that liens continue against real estate unless discharged by decree or payment.

There was, therefore, no error in the ruling of the lower court, and its judgment is affirmed.

Filed Nov. 21, 1894.