No. 17,549.

HALL ET AL. *v.* PRICE, ADMINISTRATOR.

DECEDENT'S ESTATE.—*Real Estate Ordered Sold by Administrator, Free from Mortgage Lien.—Foreclosure Decree.—Sale.*—Where, on petition of the administrator, the decedent's real estate has been ordered sold free from a mortgage lien which was previously foreclosed upon such land, the priority of the liens having been fixed, and payment ordered accordingly, the liens are no longer binding upon the land, but follow the funds in the hand of the administrator, and the real estate can not be sold on the foreclosure decree to satisfy the judgment or any part thereof.

SAME.—*Action to Enjoin Sale on Foreclosure Decree.—Estoppel.—Defense.*—The judgment plaintiffs in the foreclosure proceedings are bound by the order of court that the real estate be sold, free from the lien of the mortgage, and by the confirmation of the sale under such order, and they can not dispute it in a proceeding to enjoin a sale on the judgment in foreclosure.

From the Elkhart Circuit Court.

*L. W. Vail* and *E. Salsbury,* for appellants.
*H. D. Wilson* and *W. J. Davis,* for appellee.

MONKS, J.—This is an appeal from the decision of the lower court staying the foreclosure proceedings of appellants, under the provisions of section 2484, R. S. 1894 (Acts 1883, p. 158).

It appears from the record, that in February, 1893, appellee, as administrator of the estate of Isaac Kohli, deceased, filed his petition to sell the undivided two-thirds of certain real estate, for the payment of decedent's debts; that the widow and heirs all appeared and filed their written assent to such sale, as provided by section 2496. R. S. 1894 (Acts 1883, p. 237); that thereupon such proceedings were had that the court, on February 3, 1893, made the proper order for the sale of said real estate, by appellee, as such administrator. The appellants were not parties to this proceeding, and had no notice thereof, and said real estate was not ordered to be sold free from liens, nor to pay the liens thereon. Afterwards, appellants brought an action against the heirs of Isaac Kohli and appellee, to foreclose a mortgage on the real estate described in the order of sale aforesaid. And such proceedings were had, that on December 19, 1893, the court found that there was due appellants $2,005.77 on the note and mortgage sued upon, and rendered a decree foreclosing said mortgage, and ordered that said real estate be sold to pay the same and costs.

The defendants, in that action, appealed from the final judgment of foreclosure to this court. Afterwards, the appellee, as such administrator, filed an amended petition, in the Elkhart Circuit Court, setting forth the foregoing facts, and making the widow and heirs of said estate, and said appellants, defendants to said petition, and asking an order to sell said real estate free from said mortgage, and to pay said mortgage. The heirs appeared and filed their written assent to such sale. The other defendants to such petition, except Susan Peterson, were duly served with notice, and defaulted, and such proceedings were had that the court ordered said real estate sold to pay said mortgage and the

amount due appellants, and free from the lien thereof. After said order of sale had been made by said court, said Susan Peterson entered her appearance to said proceeding, and filed her written answer thereto, in which she set forth that she had filed her claim against the estate, that the same had been allowed, and the mortgage had been foreclosed on said real estate, and prayed the court that said real estate be sold as asked for by said administrator, to make assets for the payment of the debts, and the discharge of defendant's liens, and prayed the court to fix the priorities of the liens, all of which had been done. Afterwards, the appellee sold said real estate, as directed by the court, to pay the mortgage of appellants, and free from the lien thereof, and reported the sale to the court, which was confirmed, and by order of the court, on the 24th day of February, 1894, he executed a deed to the purchaser thereof.

On the 28th of July, 1894, appellee filed a complaint in the Elkhart Circuit Court against appellants, setting forth all the foregoing facts, and that said appellants had caused a decree of foreclosure to issue on the decree aforesaid, and the sheriff was about to sell the real estate which had been sold and conveyed by the appellee, under the order of court, free from the lien of said mortgage, and that appellants had, after the sale and conveyance of said real estate by appellee, received from him the proceeds of the first payment thereon, pursuant to the order of the court made in that behalf. Appellants appeared to the complaint, and such proceedings were had thereon that the court entered an order forever enjoining the sale of said real estate upon said decree of foreclosure. Appellants contend that the second order of sale was invalid because the real estate had been ordered to be sold on the 3d day of February, 1893. The first order of sale, procured by appellee, was not a final

judgment, but was an interlocutory order, and was subject to be vacated, set aside, modified or changed on petition or motion, until the real estate was sold under such order, the sale confirmed, and until the end of the term of court at which such sale was confirmed, during all of which time the proceedings were *in fieri.* The second order procured on the amended petition, to which appellants were parties, was, therefore, valid and binding on all the parties thereto. It is true the appellant, Susan Peterson, was not served with notice, but after the order of sale was made she appeared to the proceedings, and, by way of answer, asked the court to do what was done. After this, the sale was made and confirmed and she, with the other appellants, were parties to the proceeding and were bound by the order of confirmation. The real estate was sold free from the lien of the mortgage, pursuant to the order of the court, and a part of the first payment on the real estate was paid over to appellants on the claim secured by the mortgage.

After the sale, appellants' mortgage was no longer a lien on the real estate, but followed the fund in the hands of the administrator, and they had no right to have the same, or any part thereof, sold on the decree of foreclosure. Section 2350, 2435, R. S. 1881 (sections 2505, 2590, R. S. 1894); *Ryker* v. *Vawter,* 117 Ind. 425; *Crum, Admr.,* v. *Meeks,* 128 Ind. 360.

Appellants were bound by the order of the court that said real estate be sold, free from the lien of their mortgage, and by the confirmation of the sale, under such order, and can not dispute or contradict it in this proceeding. *Vail, Exr.,* v. *Rinehart,* 105 **Ind. 6;** *Lantz* v. *Moffett,* 102 Ind. 23.

There is no available error in the record.

Judgment affirmed.

Filed June 14, 1895.