CHARLES OVERBECK, EXECUTOR OF THE ESTATE AND LAST WILL OF LLOYD C. HARMEYER, DECEASED, CHARLES OVERBECK, HELEN FRANCIS OVERBECK AND HANNA'S CREEK CHRISTIAN CHURCH, LEGATEES NAMED IN THE LAST WILL AND TESTAMENT OF LLOYD C. HARMEYER, DECEASED *v.* ARTHUR REGINALD HARMEYER, MARY ELIZABETH DAVIS, MARJORIE ETHEL LUKER, JOANNA ACH AND DR. F. J. ACH.

[No. 1-1074A143. Filed June 25, 1975.]

*James S. Shepard, David A. Federico, Shepard & Federico,* of Liberty, *R. Stanley Lawton, G. Daniel Kelley, Jr., Stephen J. Hyatt, Ice Miller Donadio & Ryan,* of Indianapolis, for appellants.

*George R. Reller, Reller, Mendenhall, Kleinknecht & Milligan,* of Richmond, for appellees.

LOWDERMILK, J.—Lloyd C. Harmeyer died testate, leaving a gross estate of $403,211.10, all of which he bequeathed and devised to his children and two sons-in-law, one of whom is Charles Overbeck, and with a specific bequest to Hanna's Creek Christian Church.

Charles Overbeck, husband of Helen Francis Overbeck, a daughter of the decedent, was named executor. Under the

terms of the will the Overbecks received more of the estate than did the other children, including all the real estate, which consisted of two farms.

Lloyd C. Harmeyer's Last Will and Testament was admitted to probate and Letters Testamentary were issued to Charles Overbeck on February 19, 1972.

Prior to this date all the devisees and legatees named in the will, except Hanna's Creek Christian Church and Charles Overbeck, executed general waivers of notice.

Administration was had and at its close the executor filed with the court his inventory and appraisement of personal property and affidavit and schedule to determine Inheritance Taxes, together with his final report and petition for distribution of assets. The only notice of the filing of the final report was publication in a newspaper of general circulation in the county where the estate was being administered, as required by law. After such notice and on February 9, 1973, the court approved the final report and ordered distribution of the assets to the beneficiaries designated in the report, "less any Federal or State Taxes for which said estate or said legatees may be liable." On March 2, 1973, appellees herein filed their petition to vacate the order, which order, after hearing thereon, was by the court vacated on November 2, 1973. No notice of the petition to vacate the order or of the hearing thereon or the court's order setting the same aside was given by appellees to appellants, Hanna's Creek Christian Church and the executor.

Charles Overbeck, executor, filed a motion to correct errors which was by the court overruled and this appeal now follows.

In Specification A of the motion to correct errors appellant executor Overbeck contends that all parties were entitled to notice before the parties' rights were affected judicially and that the statute required the trial court to notify the executor and all interested parties as a condition precedent to the court's order to vacate its own order (the order vacating the order approving the final report and ordering distribution.)

Overbeck further contends that the court's failure to warn or notify the executor and Hanna's Creek Christian Church violated the constitutional rights of procedural due process and was reversible error.

The order vacating the approval of the executor's final report states:

> "The Court now considers petitioners' Petition To Vacate Order, filed herein by petitioners March 2, 1973, and upon which considerable legal argument has been had before the Court. Following the disposition of other litigated matters during 1973 in this cause, *a hearing on the petition to set aside the order approving the Executor's Final Report was had September 10, 1973.*" (Emphasis added.)

IC 1971, 29-1-1-21 (Burns Code Ed.) on vacation and modification of orders, bears on the point of notice of the vacation of an order of final settlement as follows:

> "For illegality, fraud or mistake, upon application filed within one [1] year after the discharge of the personal representative upon final settlement, the court may vacate or modify its orders, judgments and decrees or grant a rehearing therein. Before any such order, judgment or decree shall be vacated or modified, notice of such application and hearing shall be given to the personal representative and all interested persons as provided in section 112 [29-1-1-12] of this [Probate] Code. . . ."

Applications to set aside final settlements must allege and show that the complaining party was not notified to appear and did not appear at the hearing of the final settlement. *Crum, Administrator* v. *Meeks* (1891), 128 Ind. 360. In that case, our Supreme Court held:

> ". . . any person interested in an estate which has been finally settled, if he was not personally served with summons and did not appear at the hearing of such final settlement, may have the same set aside if it affects him adversely, for any of the causes therein specified. . . ." 128 Ind. at 363.

Executor Overbeck cannot be heard to complain that he was not served with notice, as the record above discloses there was a hearing on the petition to set aside the order approving the executor's final report, which Overbeck attended. Further,

in oral argument Overbeck's attorney expressly waived the defect of failure to give notice, as same was waived by Overbeck's appearance at the hearing.

It is not incumbent upon this court to determine if Hanna's Creek Christian Church was an "interested party" under the statute, as the petition filed did not propose to take anything away from the church. The church is making no objection in this cause and the objection is personal to the church and cannot be raised at the instance of a third party.

If there was error in not giving notice of final hearing to the church, it was harmless, as the court ordered its bequest be paid before the report of distribution was filed. Appellees, in oral argument, had the following to say about the church's failure to object to failure to receive notice, in saying: "Church entitled to its $2,500.00 without taxes. No questions raised about that."

Specification of error B 1 is that the trial court erred in vacating the order approving the final account on the grounds that no provision had been made by the executor for payment of Federal Estate and Indiana Inheritance Taxes, when, in fact and at law, provisions had been made therefor.

The contention that no provision had been made for the payment of Federal Estate and Indiana Inheritance Taxes is without merit. The Indiana Inheritance Tax schedule, Federal Estate Tax schedule, and the final report, which provided for the distribution to beneficiaries in specific amounts, "less any Federal or State Taxes for which said estate or said legatees may be liable", were each filed on January 18, 1973. The 1972 Federal Income Tax could not be determined until after December 31st of that year and was then payable on or before April 15, 1973. Executor Overbeck advised the court in oral argument "No 1972 income tax was due, and, of course, none paid."

The executor is responsible for the payment of Federal Estate Tax and Indiana Inheritance Tax and the certificates

of clearance thereon. It is incumbent upon him to file the Federal and State Income Tax returns for the estate.

It was represented in the executor's final report that the Federal Estate Tax had been paid and Indiana Inheritance Tax would be paid out of the balance of the estate, all of which was approved by the trial court in its order on the final report.

IC 1971, 6-4-1-13 (Burns Code Ed.) provides as follows:

". . . No executor, administrator, or trustee, shall be entitled to a final accounting of an estate, nor be discharged from liability for the amount of such tax, [Indiana Inheritance Tax] unless a receipt so sealed and countersigned by the state board of tax commissioners [department of state revenue] shall be attached to his final report."

The record discloses that the clearance letter from the taxing department was filed with the court, showing the tax fully paid and satisfied. Further, the record discloses that the executor made a small additional payment on Federal Estate Taxes and State Inheritance Taxes from his own funds for a complete clearance and release of taxes from those divisions of government.

The taxes being fully paid and satisfied, now makes specification of error B 1 moot and it presents nothing to this court.

Specification of error B 3 is that appellees validly waived notice of hearing on the executor's final account and executor was not required to pay 1972 Federal and State Income Taxes on behalf of the estate.

This court was not furnished the inventory and appraisement of the real and personal estate. In oral argument appellees informed the court that said schedule contained an insert, identified as "Schedule A" which showed assets in the total amount of $202,000.00. This court has no way of knowing of what these assets consisted. Appellant's counsel stated that although said Schedule A of listed assets might not have been with the affidavit and schedule to determine Inheritance Taxes, it was, no doubt, with the papers in his office.

Although this schedule, including "Schedule A", should have been presented to this court for a full review of executor's doings, we believe there is sufficient record before us that we can pass on this matter without having the same.

The final report and petition for distribution shows the two farms that were devised to the executor consisted of 262 acres for an appraised value of $124,450.00 and an 81 acre farm for an appraised value of $38,475.00 There were savings certificates, United States Treasury Bond and interest, Treasury notes and interest, government bonds, and certificates of deposit, aggregating approximately $200,000.00. There was interest income during administration listed in the amount of $4,354.22.

It is elementary that both Federal and State Income Tax returns should have been filed for the estate for the year 1972, because of the interest income as well as the sale of grain, cattle and hogs and even on the farm machinery sold on which there may have been a profit.

The executor, in our opinion, was required to file the Federal and State Income Tax returns for the year 1972. For him to have done this he would only have to have waited a few days before the year was up. He then could have filed his final report afterward and still have closed the estate out within a year.

Specification of error B 2 is that the trial court erred in vacating the order approving the final account on the grounds that the form of the final account was not in strict compliance with IC 1971, 29-1-16-4 (Burns Code Ed.) for the reason that failure to strictly comply is not grounds under IC 1971, 29-1-1-21 (Burns Code Ed.) IC 1971, 29-1-16-4, form of accounts, provides:

". . . first . . . second . . . the third shall show the property on hand constituting the balance of such account, if any, by reference to the inventory or otherwise. . . ."

The record before us is that this estate consisted of $460,583.33 in real and personal property. The executor

claimed debts and expenses paid were $57,372.23, leaving for distribution *the sum of* $403,211.10. The report further showed Indiana Inheritance Tax of $7,157.15 and Federal Estate Tax of $62,074.59 had been paid and that there remained in his hands for distribution *the sum of* $333,979.36.

The trial court's order and approval of the final report and order for distribution showed that *the sum of* $333,979.36 was to be distributed to the beneficiaries, namely, children and in-laws of the decedent, and to Hanna's Creek Christian Church. It appears to us that the estate, except real property, had been reduced to cash, as indicated by the words *"sum of"* and the amounts of disbursement set opposite the name of each beneficiary under the will.

The record before the trial court was made, according to appellant's counsel, as per custom and usage down through the years. The failure of counsel and the court to follow the statutes and to comply with them in the administration of this estate has brought confusion and expense to the beneficiaries. We might also add that it has brought much confusion and work to this court to determine what has happened, and do equity and be correct, as is our foremost objective in all cases we are required to pass upon.

We cannot justifiably accuse any person or persons with illegality or fraud, but we are convinced that there have been mistakes made in the handling of this estate which justified the trial court in making the order setting aside his order approving the final report and petition for distribution of assets herein. We are of the opinion that IC 1971, 29-1-1-21 (Burns Code Ed.), *supra,* gave the trial court sufficient authority to make the record which he did.

We are of the opinion from the record before us and that which was before the trial judge it could not be determined whether the administering of this estate was strictly within the statutes covering the handling of estates.

For the above and foregoing reasons this cause is affirmed and remanded to the trial court with instructions to conduct

a full hearing in the doings of the executor and the handling of the estate and for all other things necessary and proper in conformity with this opinion.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 331 N.E.2d 41.